Spencer F. Smith (SBN 236587)
 *spencer@smithpatten.com*
Dow W. Patten (SBN 135931)
 *dow.patten@gmail.com*
SMITH PATTEN
353 Sacramento Street, Suite 1120
San Francisco, CA 94111
Tel. (415) 402-0084
Fax (415) 520-0104

Attorneys for Plaintiff
DRUCILLA COOPER

Tracy Thompson (SBN 88173)
 *tt@millerlawgroup.com*
Mary L. Guilfoyle (SBN 143308)
 *mlg@millerlawgroup.com*
Mani Sheik (SBN 245487)
 *ms@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUCILLA COOPER, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC. and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 3:13-cv-2870 JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>CMC Date:　　October 10, 2013<br>Time:　　　　1:30 P.M.<br>Dept.:　　　　Courtroom F<br><br>Complaint filed: June 21, 2013 |

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
**Case No.: 3:13-cv-2870 JSC**

Plaintiff Drucilla Cooper and Defendant United Airlines, Inc., submit this Joint Case Management Conference Statement and Proposed Order in accordance with Federal Rule of Civil Procedure 26, Civil Local Rules 16-9 and 16-10, and this Court's Standing Order for All Judges of the Northern District of California, following the September 5, 2013, conference call between Plaintiff's counsel, Dow Patten, and Defendant's counsel, Tracy Thompson and Mani Sheik.

## I. INTRODUCTION

Plaintiff's Complaint contains five claims for relief: claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), disability discrimination under the Americans with Disabilities Act ("ADA"), age discrimination under the Age Discrimination in Employment Act ("ADEA"), and violation of the Equal Pay Act ("EPA").

Defendant denies the allegations in the Complaint, denies that it acted unlawfully, and contends that it did not unlawfully discriminate or retaliate against Plaintiff in any way.

**1. Jurisdiction & Service**

This Court has federal question jurisdiction over Plaintiff's claims under Title VII, the ADA, the ADEA, and the EPA. No other parties remain to be served.

**2. Facts**

**a. Plaintiff's Position:**

After nine years successfully serving as a Security Supervisor at SFO Plaintiff

alleges she was demoted because of her race, age and disability as well as in retaliation for engaging in protected activities. United displaced several minority supervisors and managers in 2011 after requiring them to re-apply for their positions as a result of an alleged "talent selection process." After interviewing for the position Plaintiff was replaced by a younger Caucasian male who had less experience and qualifications than Plaintiff and was not disabled. Her replacement was paid more money than Plaintiff.

        b.      **Defendant's Position:**

Plaintiff is a current employee of Defendant, who alleges that she was not selected for the position of Security Supervisor – Base Maintenance in 2011.  Plaintiff alleges that she was not selected for this position as a result of discrimination on the basis of race, disability, and/or age, as well as in retaliation for having made complaints of unlawful workplace practices and treatment in the workplace and participated in investigations of unfair workplace practices.  Plaintiff also claims that she was paid less than her two peers in the Supervisor—Security Officers position for performing substantially equal work.

Defendant denies that Plaintiff was retaliated or discriminated against in any way.  Defendant's employees (including Plaintiff) were notified in the Fall of 2010 that there likely would be changes in supervisory and management positions as a result of the merger of United Airlines and Continental Airlines.  Some departments were to undergo restructuring that would result in changes to existing positions, including modifications to both the scope and substance of job responsibilities.  Further, talent selection for various supervisory and management positions would occur in waves, and the timing would be driven by the leaders of each division as they finalized their organizational structures and job descriptions.

Plaintiff's department went through the Talent Selection Process in 2011.  Prior to the Talent Selection Process, Plaintiff worked as a Supervisor—Security Officers.  As a

result of the Talent Selection Process, the position was modified in scope and substance and the new position was titled Security Supervisor—Base Maintenance.  This position and other supervisory and management positions within the department were posted and open to internal applicants.  In total, four people, including Plaintiff, applied for three Security Supervisor—Base Maintenance positions.  Plaintiff performed poorly in her interview for the Security Supervisor—Base Maintenance position.  In fact, Plaintiff's interview scores were the lowest of all applicants for the position.

After Plaintiff was informed that she had not been selected for the position, she exercised her seniority rights under the collective bargaining agreement between Defendant and the International Association of Machinists and Aerospace Workers, and returned to her former position of Security Officer with Defendant on or about October 1, 2011.  Plaintiff remains in that position today.

Defendant denies any liability under the Equal Pay Act and contends that Plaintiff's peers were paid higher salaries because of factors other than sex.

Plaintiff claims to have suffered economic and non-economic damages, including emotional and mental distress.   Defendant denies that Plaintiff has been damaged in any manner or amount.

**3.    Legal Issues**

The following legal issues are disputed:

- Whether Plaintiff can establish a prima facie case of discrimination, retaliation, or violation of the EPA;

- Whether Defendant had a legitimate non-retaliatory, non-discriminatory reason for not selecting Plaintiff for the Security Supervisor—Base Maintenance position;

- Whether Defendant's legitimate non-retaliatory, non-discriminatory reasons for not selecting Plaintiff for the Security Supervisor—Base Maintenance position were pretextual;

- Whether Plaintiff engaged in any protected activity;

- Whether there was a causal link between any protected activity Plaintiff may have engaged in and her not being selected for the Security Supervisor—Base Maintenance position;

- Whether Plaintiff was "disabled" under the ADA;

- Whether Plaintiff was able to perform the essential functions of the Security Supervisor—Base Maintenance position with or without a reasonable accommodation;

- Whether Plaintiff was performing her job duties at a level that met her employer's legitimate expectations at the time she was not selected for the Security Supervisor—Base Maintenance position;

- Whether Plaintiff and her two peers performed substantially equal work on jobs requiring equal skill, effort, and responsibility during the relevant statutory period;

- Whether Plaintiff's and her two peers' jobs were performed under similar working conditions;

- Whether the reason(s) Plaintiff was paid less than her peers in the Supervisor—Security Officers position was (were) due to factors other than sex;

- Whether Plaintiff can establish by clear and convincing evidence that all of the criteria for the imposition of punitive damages have been satisfied.

**4. Motions**

There are no pending motions.

Plaintiff anticipates that she will file either a 12(f) motion or a motion for summary adjudication related to Defendants affirmative defenses. Plaintiff further anticipates that there may be a need for discovery motions related to the production of electronically stored information as well as a motion and/or stipulation for a protective order.

Defendant anticipates filing a motion for summary judgment or, in the alternative, partial summary judgment, by the close of fact discovery. If the case proceeds to trial, Defendant anticipates filing motions *in limine* and intends to seek bifurcation of punitive damages from the liability phase of trial.

**5. Amendment of Pleadings**

The parties do not intend to amend their pleadings at this time.

**6.     Evidence Preservation**

   **a.     Plaintiff's Position:**

Plaintiff has taken steps to preserve documentary and electronic evidence. Plaintiff sees this case as involving substantial ESI.  Potentially relevant ESI in this case includes e-mails and text messages related to the setting of Plaintiff's comparator's salaries, the decision to demote Plaintiff and/or engage in a "job recreation" "talent selection" or other process that resulted in Plaintiff's demotion.  Plaintiff believes that discovery into the establishment and changes to Defendant and its parent company's document retention policies will be necessary to determine Defendant's compliance with the Court's ESI guidelines and checklist.  In particular, the extent to which backups are created, maintained and destroyed, and the extent to which archives are created and maintained will have a significant impact on the course of ESI discovery in this matter.  Plaintiff has designated Dow W. Patten, Plaintiff's counsel as electronic discovery liaison.

Both counsel for Plaintiff and counsel for Defendant are involved in another matter pending before Judge Armstrong involving the demotion of another formers supervisor at SFO.  A number of discovery issues in that matter have arisen concerning ESI which remain unresolved.  Plaintiff is informed and believes that United utilizes a system called Taleo which is an electronic system of record for, inter alia, employee job applications and the procedure for hiring, promoting and transferring employees.  Motion practice may be required in that matter as the parties are nearing an impasse concerning several ESI systems and the assertion that such system no longer has discoverable information.

   **b.     Defendant's Position:**
The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding

steps to preserve evidence related to the issues reasonably evident in this action pursuant to ESI Guidelines 2.01 and 2.02.

Defendant does not see this case as one involving a significant amount of ESI. In Defendant's view, potentially relevant ESI in this case may be e-mails related to Plaintiff's performance during the relevant time period and her application for the Security Supervisor— Base Maintenance position. Defendant has taken appropriate measures to preserve any relevant emails and other electronic documents. However, Defendant has an established document retention policy pursuant to which emails are regularly purged from Defendant's servers on a rolling 180-day basis. Therefore, emails created more than 180 days before notice of these claims are not likely to be retrievable except to the extent an individual saved an email onto his or her hard drive.

The parties' counsel are currently litigating another matter in this District involving the same Defendant (though with a different plaintiff), which is further along in discovery than this matter. As a result, Plaintiff's counsel have been provided with substantial information related to Defendant's databases, information systems, and capabilities. The parties will continue to meet and confer with regard to any outstanding issues related to ESI that may arise, and Defendant has invited and continues to invite Plaintiff to identify specific ESI issues which remain outstanding.

**7.    Disclosures**

Per stipulation, the parties will exchange initial disclosures by October 3, 2013, pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines (Docket No. 3) and the Standing Order for All Judges of the Northern District of California (Docket No. 3).

**8.   Discovery**

The parties propose the following discovery schedule:

- Fact Discovery Cut-Off (including last day to hear fact discovery-related motions):  September 12, 2014
- Expert Disclosures: October 3, 2014
- Rebuttal Expert Disclosures: October 24, 2014
- Expert Discovery Cut-Off (including last day to hear motions): November 26, 2014

**Plaintiff's Position:**

Discovery has not yet commenced. However, despite this being a single-plaintiff case, it is apparent that the decision-making with respect to the "talent selection process" is less than transparent as it occurred during the merger of United Air Lines and Continental Airlines. It is essential that Plaintiff be afforded the opportunity to ascertain through discovery the extent of changes to the workforce in the fall of 2011 at San Francisco International Airport ("SFO") due to the talent selection process, the degree to which the decision-makers of the talent selection process and those who had input, condoned and/or ratified the process were aware of Plaintiff's protected class and engagement in protected activities as well as the degree of training the decisionmakers, and those who condoned, ratified and/or had input into talent selection process had with respect to discrimination and retaliation protections of law. In order to obtain the evidence necessary to fully and fairly oppose any motion for summary judgment filed by Defendant and to present evidence at trial, Plaintiff requests an increase in the number of Interrogatories permitted under Rule 33 of the Federal Rules of Civil Procedure to fifty (50) Interrogatories per side. This increase will streamline the discovery process and reduce the burdens on the parties by allowing the answers to Interrogatories to shape and limit the need for production of electronically stored information, production of documents and

number of depositions

**Defendant's Position:**

Discovery has not yet commenced. Since this is a straight-forward single-plaintiff discrimination/retaliation case related to a single event in 2011, Defendant does not see any reason to propose, and does not propose, any modifications of the discovery rules. To the extent that Plaintiff may seek additional discovery beyond that allowed by the Federal Rules of Civil Procedure and applicable case law, Defendant is ready to meet and confer with Plaintiff regarding any such possible additional discovery. However, Defendant does not believe any additional discovery will be needed given the straight-forward nature of this case.

9.  **Class Actions**

Not applicable

10. **Related Cases**

**Plaintiff's Position:**

Plaintiff is in agreement with Defendant that this matter should not be related to any other pending matter.

**Defendant's Position:**

The parties' counsel are currently litigating another matter in this District, before Judge Saundra Brown Armstrong, involving the same Defendant and a different plaintiff, *Bonillas v. United Air Lines, Inc.*, Case No.: 4:12-cv-06574-SBA. Defendant does not believe that the two matters are "related" within the definition of Local Rule 3-12. The two plaintiffs

were in different organizations with different jobs (Plaintiff was a security supervisor and Bonillas a maintenance supervisor), different performance issues, different chains of command, different direct supervisors, managers, and other decision-makers, and applied for different supervisory positions that are in no way related to one another. All these differences will, in turn, mean the two cases will require two completely different sets of witnesses and different documents for trial and discovery. Further, there are claims that are unique to each case. For example, this matter has an Equal Pay Act claim, and the *Bonillas* matter does not. Conversely, the *Bonillas* matter raises claims under California's anti-discrimination and anti-retaliation laws, whereas this case centers solely on federal law. Also, the bases of the two plaintiffs' discrimination claims differ. For example, the two plaintiffs have different and unique disabilities. Also, Plaintiff here alleges discrimination based on her African-American race and the *Bonillas* plaintiff's race/nationality is Hispanic. Defendant therefore believes there is no efficiency to be gained by relating the two cases.

**11.  Relief**

   **a.  Plaintiff's Position:**

Plaintiff seeks relief for general, special and punitive damages in amounts according to proof as well as attorneys' fees as provided by law and the costs associate with the suite herein. Plaintiff further seeks an order of the Court restoring Plaintiff to her previous position and directing Defendant to take appropriate steps to validate the age, race, gender, and disability impact of its "talent selection process."

   **b.  Defendant's Position:**

Defendant denies that it is liable to Plaintiff or that it has engaged in any unlawful, discriminatory, or retaliatory conduct toward Plaintiff. However, in the unlikely event that liability is established, Defendant believes that Plaintiff's damages are limited to lost

wages (which would be nominal, given that Plaintiff is a current employee), and damages for alleged emotional distress, if any.  Defendant does not believe that there is any basis for the imposition of punitive damages.

**12.     Settlement and ADR**

The parties have complied with ADR Local Rule 3-5 and have met and conferred regarding ADR.  The parties are willing to participate in court-sponsored mediation, and filed a stipulation to that effect on September 5, 2013 (Docket No. 9), which stipulation the Court granted on September 6, 2013 (Docket No. 10).

**13.     Consent to Magistrate Judge For All Purposes**

The parties have consented to the Honorable Magistrate Judge Jacqueline Scott Corley for all purposes.

**14.     Other References**

Not applicable.

**15.     Narrowing of Issues**

As set forth above, Plaintiff anticipates bringing a motion for summary adjudication of the majority of the affirmative defenses in this matter.

As stated above, Defendant anticipates bringing a motion for summary judgment or, in the alternative, partial summary judgment.

**16.  Expedited Trial Procedure**

This case is not suitable for handling pursuant to the Expedited Trial Procedure of General Order No. 64.

**17.  Scheduling**

The parties propose the following schedule:

- Last Day to Amend Pleadings:   60 days from the date of the Initial Case Management Conference
- Fact Discovery Cut-Off (including last day to hear fact discovery-related motions):   September 12, 2014
- Expert Disclosures:   October 3, 2014
- Rebuttal Expert Disclosures:   October 24, 2014
- Expert Discovery Cut-Off (including last day to hear motions): November 26, 2014
- Last Day to File Dispositive Motions: January 30, 2015
- Pre-trial Conference:  March 30, 2015
- Trial Date:   April 27, 2015

**18.  Trial**

Plaintiff has demanded a jury trial.  The parties estimate the length of trial to be 5 court days.

**19.     Disclosure Of Non-Party Interested Entities or Persons**

Defendant has filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 (Docket No. 5). As stated therein, United Air Lines, Inc., and Continental Airlines, Inc., were subsidiaries of United Continental Holdings, Inc. Effective April 1, 2013, United Air Lines, Inc., merged with Continental Airlines, Inc., and the surviving entity is now named United Airlines, Inc. United Continental Holdings, Inc., owns 100% of the shares of United Airlines, Inc.

**20.     Other Matters**

   **a.     Plaintiff's Position:**

Plaintiff does not wish to burden the Court with the mode of communications issues amongst members of the bar, and has asked Defendant to simply use facsimile correspondence for a timely response. Plaintiff is happy to send an email in addition to a facsimile in order to ensure a timely response from Defendant, but Defendant refuses to offer that same courtesy to Plaintiff; i.e., send a fax. Plaintiff has responded to numerous email communications from the Miller Law Group in other matters and in this matter, and has asked counsel for Defendant to fax counsel for Plaintiff to ensure the most timely response. Defendant's counsel insists on sending late-night emails, as recently as 10:19 p.m. on October 1, 2013, in this matter and more than 10 emails in a single day on successive days in the Bonillas matter.  Should the Court be inclined to direct communication by a particular method outside that provided for by the Local Rules of the Northern District of California and the Federal Rules of Civil Procedure, Plaintiff requests briefing on this matter, as it has potential impacts that go beyond the efficient administration of justice in this case.

**b.     Defendant's Position:**

Defendant agrees that the Court should not have to be burdened by issues pertaining to methods of communication between counsel.  At the same time, Plaintiff's counsel is demanding that every single email communication between the parties must be accompanied by a facsimile.  Defendant believes that this is cumbersome and unnecessary, and that email communication should be sufficient.  Defendant has no problem responding to any communication from counsel regardless of how transmitted, and simply asks that a facsimile not be required for every communication.

Dated:  October 3, 2013                    SMITH PATTEN

                By: */s/* Dow W. Patten
                    Spencer F. Smith
                    Dow W. Patten
                    Attorneys for Plaintiff
                    DRUCILLA COOPER

Dated:  October 3, 2013                    MILLER LAW GROUP
                    A Professional Corporation

                By: */s/* Tracy Thompson
                    Tracy Thompson
                    Mani Sheik
                    Attorneys for Defendant
                    UNITED AIRLINES, INC.

**CASE MANAGEMENT ORDER**

The above Joint Case Management Statement is approved as the Case Management Order for this case and all parties shall comply with its provisions. The parties are ordered to comply with the following case management dates:

Last Day to Amend Pleadings:

Fact Discovery Cut-Off (including last day to hear fact discovery-related motions):

Expert Disclosures:

Rebuttal Expert Disclosures:

Expert Discovery Cut-Off (including last day to hear motions):

Last Day to File Dispositive Motions:

Pre-trial Conference:

Trial Date:

IT IS SO ORDERED.

Dated: _____

                                        Hon. Jacqueline Scott Corley
                                        Magistrate Judge of the U.S. District Court

4844-7047-1445, v. 2