Tracy Thompson (SBN 88173)
  tt@millerlawgroup.com
Mani Sheik (SBN 245487)
  ms@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUCILLA COOPER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC. and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:13-cv-2870 JSC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO AMEND OR MODIFY SCHEDULING ORDER TO ALLOW PLEADING OF AMENDED ANSWER**<br><br>Date:   February 27, 2014<br>Time:   9:00 A.M.<br>Dept.:  Courtroom F<br><br>Complaint filed:  June 21, 2013 |

## I. NOTICE OF MOTION AND MOTION

TO PLAINTIFF DRUCILLA COOPER AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2014, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom F on the 15th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco California, 94102, Defendant

UNITED AIRLINES, INC., will and hereby does move this Court for an order granting Defendant's Motion to Amend or Modify Scheduling Order to Allow Pleading of Amended Answer.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Defendant United Airlines, Inc. ("Defendant") respectfully requests that the Court amend or modify its scheduling order to allow Defendant's pleading of an Amended Answer, a redline of which is attached hereto as Exhibit A and a final version of which is attached as Exhibit B, to remove an affirmative defense that it has withdrawn since the filing of the Answer and to add the affirmative defense that any difference in pay between Plaintiff Drucilla Cooper ("Plaintiff") and her two male co-workers is due to "a factor other than sex." Defendant informed Plaintiff and the Court that it intended to pursue this defense as early as October 13, 2013, in the parties' Joint Case Management Statement. The proposed amendment thus corrects Defendant's "inadvertent failure to satisfy a technical pleading requirement" regarding the "factor other than sex" defense. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 n.10 (2d Circ. 1995). Defendant does not seek amendment or modification of any other portion of the scheduling order.

## III. ARGUMENT

A. **Good Cause Exists To Amend Or Modify The Scheduling Order To Allow Defendant To Include An Affirmative Defense It Listed In The Joint Case Management Statement.**

A district court has "broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). Federal Rule of Civil Procedure 16(b) governs a request for leave to amend made after the entry of a Rule 16 scheduling order. *Id.* at 608–09 (addressing a request to join an

additional party after the deadline to do so had passed). A scheduling order may be modified upon a showing of good cause and by leave of the district judge. Fed. R. Civ. Proc. 16(b). The Court "may make its determination by noting the prejudice to other parties." *J & J Sports Prods., Inc. v. Maravilla*, 2013 WL 4780764 *1 (E.D. Cal. 2013) (granting motion to amend scheduling order to allow amendment to affirmative defense where "plaintiff does not contend that it would now be prejudiced by defendant's proposed changes to her Answer").

A "factor other than sex" is an affirmative defense to a claim under the Equal Pay Act that a plaintiff was paid less than her male counterparts. In *Tomka*, the defendant did not initially raise the "factor other than sex" affirmative defense. 66 F.3d at 1312, n.10. Three weeks after plaintiff moved for summary judgment on her Equal Pay Act claim and four years after the original complaint was filed, defendant sought to amend its answer to add the affirmative defense. *Id.* Despite the very late timing of the request to amend the answer, the district court and the Second Circuit held that because the parties had conducted discovery into and argued several motions related to the Equal Pay Act issue, plaintiff "would not be prejudiced by '[defendant's] inadvertent failure to satisfy a technical pleading requirement.'" *Id.*

Here, as in *Tomka*, there is no prejudice since Plaintiff has been on notice of Defendant's "factor other than sex" defense since October 3, 2013, when Defendant stated, in the parties' Joint Case Management Statement, its intent to defend against Plaintiff's Equal Pay Act claim based on the "factor other than sex" defense. *See* Docket No. 15 at § I.2.B, at 3:15-16 ("Defendant denies any liability under the Equal Pay Act and contends that Plaintiff's peers were paid higher salaries because of factors other than sex") and I.3, at 5:4-6 (stating, under "Legal Issues": "Whether the reason(s) Plaintiff was paid less than her peers in the Supervisor—Security Officers position was (were) due to factors other than sex").

That there is no prejudiced is underscored by the following: (1) the parties have

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

only just begun discovery and have only exchanged a first set of written discovery; (2) no depositions have been set, much less taken; and (3) discovery does not cut off for eight more months. In other words, Plaintiff will have more than sufficient time to conduct discovery into the proposed additional affirmative defense. Indeed, Defendant has filed the instant motion so much earlier in the case than did the *Tomka* defendant that there has been very limited discovery to date and no opportunity to engage in motion practice, unlike in *Tomka*. In fact, Plaintiff has known of the availability and viability of this defense since filing her Complaint, which states that "Defendant has no legitimate reason for the disparity in pay pursuant to . . . any factor other than sex." *See* Complaint at ¶95.

Asked if she stipulated to the filing of an Amended Answer and, if not, to articulate the prejudice she believes she will suffer if the Court permits the filing of an Amended Answer, Plaintiff stated that (1) she believed Defendant would not allow her to propound an interrogatory concerning the new affirmative defense, and (2) the addition of the new affirmative defense would require Plaintiff to "re-factor" her informal case investigation and case preparation. (Declaration of Mani Sheik in Support of Motion ¶¶ 2-7.) In response to the first basis for prejudice, Defendant agreed to respond to an interrogatory related to the new affirmative defense, modeled along the lines of Plaintiff's first ten interrogatories (*i.e.*, an interrogatory requesting information related to each and every fact, document, and witness related to the "factor other than sex" defense). (*Id.* at ¶ 8.) Defendant's willingness to respond to such an interrogatory thus negates any prejudice Plaintiff believes she may suffer. Plaintiff's second basis for prejudice is misplaced for the reasons stated above: Plaintiff will not need to "re-factor" any case strategy because she has known for several months now that Defendant planned to defend against her Equal Pay Act claim by using the "factor other than sex"; discovery has only just begun; and trial is not for another fifteen months.

Good cause being shown, the Court should amend or modify its scheduling order.

**B.      Good Cause Being Shown, The Amendment Was Proper Under Rule 15.**

Once good cause is shown, as it has been above, the inquiry turns to whether the proposed amendment was proper under Rule 15. See *Johnson*, 975 F.2d at 608; Fed. R. Civ. Proc. 15, 16(b). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Consideration of prejudice to the opposing party "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

As explained above, Plaintiff suffers no prejudice by this amendment. Defendant announced its intention to defend against Plaintiff's Equal Pay Act claim based on the "factor(s) other than sex" defense in early October 2013, and Plaintiff will have more than eight months to conduct discovery regarding this defense if she so wishes. What's more, there has been no undue delay, as trial is set for April 27, 2015—fifteen months from now— and discovery does not cut off for another eight months. There is also no bad faith or dilatory motive, and this is Defendant's first attempt to cure a deficiency in the Answer. Finally, amendment would not be futile, as explained in detail above.

### IV. CONCLUSION

The Court should grant Defendant's Motion and should amend or modify its scheduling order to allow Defendant to file the Amended Answer attached as Exhibit B.

1 | Dated: January 23, 2014

MILLER LAW GROUP
A Professional Corporation

By: /s/ Mani Sheik
　　Tracy Thompson
　　Mani Sheik
　　Attorneys for Defendant
　　UNITED AIRLINES, INC.

4818-2663-1703, v. 1