EXHIBIT A

1   Tracy Thompson (SBN 88173)
      tt@millerlawgroup.com
2   Mani Sheik (SBN 245487)
      ms@millerlawgroup.com
3   MILLER LAW GROUP
    A Professional Corporation
4   111 Sutter Street, Suite 700
5   San Francisco, CA 94104
    Tel. (415) 464-4300
6   Fax (415) 464-4336

7
    Attorneys for Defendant
8   UNITED AIRLINES, INC.

9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12

13   DRUCILLA COOPER, an individual,        Case No.: 3:13-cv-2870 JSC

14              Plaintiff,

15   v.                                      **AMENDED ANSWER OF DEFENDANT
                                             UNITED AIRLINES, INC.**
16
    UNITED AIR LINES, INC. and DOES 1
17   through 10, inclusive,

18              Defendants.                  Complaint filed:  June 21, 2013

19

20

21          Defendant United Airlines, Inc. (f/k/a "United Air Lines, Inc.") hereby answers

22   Plaintiff Drucilla Cooper's Complaint for Damages ("Complaint") as follows:

23

24                      **JURISDICTION AND VENUE**

25

26          1.      No answer is required to paragraph 1 of the Complaint as it does not

27   contain any factual allegations.

28   ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

2.     Defendant admits that venue is proper in the Northern District of California and that Defendant conducts business within the District.  Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3.     Defendant denies the allegations contained in Paragraph 3 of the Complaint, and further denies Plaintiff has been damaged in any amount or at all.

**INTRODUCTION**

4.     No answer is required to Paragraph 4 of the Complaint as it does not contain any factual allegations.

**THE PARTIES**

5.     Defendant admits that Plaintiff is an African-American female, and that she formerly held the position of Supervisor-Security Officers and currently holds the position of Security Officer at San Francisco International Airport.  Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's residence at the time the Complaint was filed and, on that basis, denies that allegation.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.     Defendant admits it is a Delaware corporation and conducts business in this judicial district.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies the allegations contained therein.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

1

**FACTS COMMON TO ALL CAUSES OF ACTION**

2

3      8.    Defendant admits that Plaintiff began her employment with Defendant in

4 March 1997 as a Security Officer. Defendant is without sufficient knowledge or information to

5 form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and,

6 on that basis, denies those allegations.

7

8      9.    Defendant is without sufficient knowledge or information to form a belief

9 as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies

10 the allegations contained therein.

11

12      10.    Defendant denies the allegations contained in Paragraph 10 of the

13 Complaint.

14

15      11.    Defendant admits that Plaintiff was promoted to the position of

16 Supervisor—Security Officers in January 2002. Defendant denies the remaining allegations

17 in Paragraph 11 of the Complaint.

18

19      12.    Defendant admits that Plaintiff received an increase in pay when she

20 became a Supervisor—Security Officers. Defendant denies the remaining allegations

21 contained in Paragraph 12 of the Complaint.

22

23      13.    Defendant denies the allegations contained in Paragraph 13 of the

24 Complaint.

25

26      14.    Defendant denies the allegations contained in Paragraph 14 of the

27 Complaint.

28 ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits it hired Alex Del Campo as a Supervisor—Security Officers in 2008, and that Mr. Del Campo's salary was higher than Plaintiff's at the time of his hire.  Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits that William Knight was a Supervisor-Security Officers in 2008, and that he worked with Alex Del Campo.   Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits that William Knight usually worked the swing shift in 2008.   Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

///
///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

4

23.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding what "complaints" Plaintiff did or did not receive or what Tonya McCowan did or did not write to Plaintiff and, on that basis, denies those allegations.  Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.   Defendant admits that, in 2010, Plaintiff was on the Evacuation Committee, which committee helps prepare employees for evacuation drills.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the reasons Plaintiff wanted to be on that committee and, on that basis, denies those allegations.   Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.   Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.   Defendant admits that Plaintiff usually worked the day shift when she was a Supervisor—Security Officers and that, as a Supervisor—Security Officers, Plaintiff had the authority to coordinate breaks and assign vehicles to employees during her shift.  Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.   Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.   Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.   Defendant denies the allegations contained in Paragraph 29 of the Complaint.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1    30.    Defendant denies the allegations contained in Paragraph 30 of the
2    Complaint.

3

4    31.    Defendant is without sufficient knowledge or information to form a belief
5    as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies
6    the allegations contained therein.

7

8    32.    Defendant is without sufficient knowledge or information to form a belief
9    as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies
10   the allegations contained therein.

11

12   33.    Defendant denies the allegations contained in Paragraph 33 of the
13   Complaint.

14

15   34.    Defendant denies the allegations contained in Paragraph 34 of the
16   Complaint.

17

18   35.    Defendant denies the allegations contained in Paragraph 35 of the
19   Complaint.

20

21   36.    Defendant is without sufficient knowledge or information to form a belief
22   as to the truth of what Plaintiff "found" or witnessed and, on that basis, denies those
23   allegations.  Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

24

25   37.    Defendant denies the allegations contained in Paragraph 37 of the
26   Complaint.

27   ///

28   ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1    38.    Defendant denies the allegations contained in Paragraph 38 of the
2    Complaint.

3

4    39.    Defendant denies the allegations contained in Paragraph 39 of the
5    Complaint.

6

7    40.    Defendant denies the allegations contained in Paragraph 40 of the
8    Complaint.

9

10   41.    Defendant denies the allegations contained in Paragraph 41 of the
11   Complaint.

12

13   42.    Defendant denies the allegations contained in Paragraph 42 of the
14   Complaint.

15

16   43.    Defendant denies the allegations contained in Paragraph 43 of the
17   Complaint.

18

19   44.    Defendant denies the allegations contained in Paragraph 44 of the
20   Complaint.

21

22   45.    Defendant denies the allegations contained in Paragraph 45 of the
23   Complaint.

24

25   46.    Defendant is without sufficient knowledge or information to form a belief
26   as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, denies
27   the allegations therein.
28   ///

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1    47. Defendant admits that Plaintiff was offered some days off with pay in

2 early October 2011.  Defendant denies the remaining allegations contained in Paragraph 47

3 of the Complaint.

4

5    48. Defendant denies the allegations contained in Paragraph 48 of the

6 Complaint.

7

8    49. Defendant denies the allegations contained in Paragraph 49 of the

9 Complaint.

10

11    50. Defendant denies the allegations contained in Paragraph 50 of the

12 Complaint.

13

14    51. Defendant denies the allegations contained in Paragraph 51 of the

15 Complaint.

16

17    52. Defendant denies the allegations contained in Paragraph 52 of the

18 Complaint.

19

20         **FIRST CLAIM**

   **VIOLATION OF 42 U.S.C. § 2000e, *et seq*. (TITLE VII)**

21        **RACE DISCRIMINATION**

22

23    53. No answer is required to Paragraph 53 of the Complaint as it does not

24 contain any factual allegations and contains only legal arguments and conclusions, which

25 cannot be admitted to or denied.

26

27    54. No answer is required to Paragraph 54 of the Complaint as it does not

28 contain any factual allegations and contains only legal arguments and conclusions, which

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1   cannot be admitted to or denied.  To the extent that an answer is required, Defendant denies
2   the allegations contained in Paragraph 54 of the Complaint.

3

4        55.    Defendant admits that Plaintiff is an African-American female and an
5   employee of Defendant.  The remainder of Paragraph 55 of the Complaint contains only legal
6   arguments and conclusions, thus no answer is required. To the extent that an answer is
7   required, Defendant denies the remaining allegations contained in Paragraph 55 of the
8   Complaint.

9

10       56.    Defendant denies the allegations contained in Paragraph 56 of the
11  Complaint.

12

13       57.    Defendant denies the allegations contained in Paragraph 57 of the
14  Complaint.

15

16       58.    Defendant denies the allegations contained in Paragraph 58 of the
17  Complaint.

18

19       59.    Defendant denies the allegations contained in Paragraph 59 of the
20  Complaint.

21

22       60.    Defendant denies the allegations contained in Paragraph 60 of the
23  Complaint.

24

25       61.    Defendant denies the allegations contained in Paragraph 61 of the
26  Complaint.

27  ///

28  ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**SECOND CLAIM**
**VIOLATION OF 42 U.S.C. § 2000e, *et seq.* (TITLE VII)**
**RETALIATION**

62.   No answer is required to Paragraph 62 of the Complaint as it does not contain any factual allegations and contains only legal arguments and conclusions, which cannot be admitted to or denied.

63.   Defendant repleads and incorporates by reference its responses to Paragraphs 1-61 of the Complaint.

64.   No answer is required to Paragraph 64 of the Complaint as it does not contain any factual allegations and contains only legal arguments and conclusions, which cannot be admitted to or denied.  To the extent that an answer is required, Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.   Defendant denies that Plaintiff "was" an employee of Defendant.  The remainder of Paragraph 65 of the Complaint contains only legal arguments and conclusions, thus no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.   Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.   Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.   Defendant denies the allegations contained in Paragraph 68 of the Complaint.

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

1         69.    Defendant denies the allegations contained in Paragraph 69 of the

2  Complaint.

3

4                            **THIRD CLAIM**

                 **DISABILITY DISCRIMINATION**

5         **AMERICANS WITH DISABILITIES ACT**

         **42 U.S.C. § 12101, *et seq.* and § 503**

6

7

8         70.    No answer is required to Paragraph 70 of the Complaint as it does not

9  contain any factual allegations and contains only legal arguments and conclusions, which

10  cannot be admitted to or denied.

11

12        71.    Defendant repleads and incorporates by reference its responses to

13  Paragraphs 1-69 of the Complaint.

14

15        72.    Defendant denies the allegations contained in Paragraph 72 of the

16  Complaint.

17

18        73.    No answer is required to Paragraph 73 of the Complaint as it does not

19  contain any factual allegations and contains only legal arguments and conclusions, which

20  cannot be admitted to or denied.  To the extent that an answer is required, Defendant denies

21  the allegations contained in Paragraph 73 of the Complaint.

22

23        74.    Defendant denies the allegations contained in Paragraph 74 of the

24  Complaint.

25

26        75.    Defendant denies the allegations contained in Paragraph 75 of the

27  Complaint.

28  ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

76.   Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.   Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.   Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.   Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.   Defendant denies the allegations contained in Paragraph 80 of the Complaint.

**FOURTH CLAIM**
**29 U.S.C. § 621 *et. seq.***
**AGE DISCRIMINATION**

81.   No answer is required to Paragraph 81 of the Complaint as it does not contain any factual allegations and contains only legal arguments and conclusions, which cannot be admitted to or denied.

82.   Defendant repleads and incorporates by reference its responses to Paragraphs 1-80 of the Complaint.

83.   Defendant admits that Plaintiff is a female over the age of 45.  The remainder of Paragraph 83 of the Complaint contains only legal arguments and conclusions,

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1   thus no answer is required. To the extent that an answer is required, Defendant denies the
2   remaining allegations contained in Paragraph 83 of the Complaint.

4           84.    Defendant denies the allegations contained in Paragraph 84 of the
5   Complaint.

7           85.    Defendant denies the allegations contained in Paragraph 85 of the
8   Complaint.

10          86.    Defendant denies the allegations contained in Paragraph 86 of the
11  Complaint.

13          87.    Defendant denies the allegations contained in Paragraph 87 of the
14  Complaint.

16          88.    Defendant denies the allegations contained in Paragraph 88 of the
17  Complaint.

19          89.    Defendant denies the allegations contained in Paragraph 89 of the
20  Complaint.

**FIFTH CLAIM**
**VIOLATION OF THE EQUAL PAY ACT**
**29 U.S.C. § 206**

25          90.    No answer is required to Paragraph 90 of the Complaint as it does not
26  contain any factual allegations and contains only legal arguments and conclusions, which
27  cannot be admitted to or denied.

28  ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1       91. Defendant repleads and incorporates by reference its responses to

2    Paragraphs 1-89 of the Complaint.

3

4       92. Defendant admits that Plaintiff is a female over the age of 45.   The

5    remainder of Paragraph 92 of the Complaint contains only legal arguments and conclusions,

6    thus no answer is required. To the extent that an answer is required, Defendant denies the

7    remaining allegations contained in Paragraph 92 of the Complaint.

8

9       93. Defendant denies the allegations contained in Paragraph 93 of the

10   Complaint.

11

12      94. Defendant admits that Plaintiff worked in the Supervisor—Security

13   Officers position.   Defendant denies the remaining allegations in Paragraph 94 of the

14   Complaint.

15

16      95. Defendant denies the allegations contained in Paragraph 95 of the

17   Complaint.

18

19      96. Defendant denies the allegations contained in Paragraph 96 of the

20   Complaint.

21

22      97. Defendant denies the allegations contained in Paragraph 97 of the

23   Complaint.

24

25      98. Defendant denies the allegations contained in Paragraph 98 of the

26   Complaint.

27

28      Defendant also denies the prayer for relief found on page 16 of the Complaint.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1

2

## AFFIRMATIVE DEFENSES

3          For and as a separate affirmative defense to each and every claim for relief set

4    forth in the Complaint, Defendant alleges as follows:

5

6                          **FIRST AFFIRMATIVE DEFENSE**
                              **(Failure to State a Claim)**
7

8          Defendant alleges that Plaintiff's Complaint, and each purported claim for relief

9    therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

10   Fed. R. Civ. P. 12(b)(6).

11

12                        **SECOND AFFIRMATIVE DEFENSE**
                              **(Statute of Limitations)**
13

14         Defendant alleges that Plaintiff's claims are barred by the applicable statutes of

15   limitations including, but not limited to, 42 U.S.C. section 2000e-5(e), California Government

16   Code sections 12960 and 12965(b), and any other statutes that include applicable time bars.

17   As one example only, Plaintiff alleges conduct dating back to 2000 as the basis for her

18   claims. (See Complaint ¶¶ 9, 10)  Such conduct would clearly fall outside the applicable

19   statutes of limitations.

20

21                          **THIRD AFFIRMATIVE DEFENSE**
                                    **(Laches)**
22

23         Plaintiff's Complaint should be barred by the doctrine of laches because Plaintiff

24   has unreasonably delayed bringing her action against Defendant, which has prejudiced

25   Defendant by hindering its ability to defend this case.  As one example only, Plaintiff alleges

26   conduct dating back to 2000 as the basis for her claims. (See Complaint ¶¶ 9, 10)  Because

27   of the substantial time that has passed, Defendant may not be able to locate documents or

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

witnesses, and witnesses' memories may have faded as to the conduct and events Plaintiff alleges occurred.

## FOURTH AFFIRMATIVE DEFENSE
### (Exhaustion of Administrative Remedies)

Defendant is informed and believes and thereon alleges that Plaintiff failed to exhaust statutory administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the United States Equal Employment Opportunity Commission ("EEOC"), to the extent claims in the Complaint rely on allegations which were not contained in timely charges filed with the DFEH or EEOC.  *See* Cal. Gov't Code §§ 12960, 12965; *see also, Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal. App. 4th 1718, 1724.  The Court lacks subject matter jurisdiction over any alleged discriminatory, retaliatory, or equal pay actions that are not contained in a timely administrative charge.

## FIFTH AFFIRMATIVE DEFENSE
### (Mixed Motives)

Defendant alleges that, if it is found that its actions were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have induced it to make the same decision.  *Nassar v. University of Texas Southwestern Medical Center* (2013) __ S. Ct. __; *Gross v. FBL Fin. Servs. Inc.* (2009) 557 U.S. 167; *Price Waterhouse v. Hopkins* (1989) 490 U.S. 228; *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Defendant is informed and believes and thereon alleges that by her acts and omissions, Plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint.

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**SEVENTH AFFIRMATIVE DEFENSE**
**(Railway Labor Act Preemption)**

Plaintiff's claims are barred and should be dismissed to the extent they are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. sections 151 *et seq.*, and to the extent this Court otherwise lacks subject matter jurisdiction.   The RLA provides a comprehensive framework for resolving labor disputes and establishes a mandatory arbitral mechanism to handle disputes growing out of "rates of pay, rules or working conditions" and disputes arising out of "grievances or out of the interpretation and application of agreements concerning rates of pay, rules, or working conditions" in the airline industry.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Workers' Compensation Preemption)**

Plaintiff alleges that she was injured while performing her job duties.   For example, Plaintiff alleges that she sustained emotional and physical distress as a result of Defendant's conduct.   (*See* Complaint, ¶¶ 67, 77, 85, 88, 97.)   Therefore, if Plaintiff has suffered any physical and/or emotional injuries related to her work for Defendant, her exclusive remedy for such injuries is provided by California Labor Code sections 3200 *et seq.*

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Defendant is informed and believes and thereon alleges that Plaintiff has failed to exercise reasonable diligence to mitigate the damages alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

Defendant alleges that any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred to the extent that Defendant discovers additional

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1  evidence indicating that Plaintiff engaged in conduct before or while working for Defendant
2  that precludes or limits her assertion of the claims for relief and/or damages.

3

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Use Corrective Measures)

6      Defendant alleges that Plaintiff is barred from any recovery because Defendant
7  had in place, and implemented in good faith, policies, procedures, and other measures that
8  reasonably should have prevented the discrimination and/or retaliation Plaintiff alleges, and
9  Plaintiff unreasonably failed to invoke those measures or take other corrective actions to stop
10 the alleged discrimination and/or retaliation.

11

### TWELFTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

14     Defendant alleges that Plaintiff is barred from any recovery because Defendant
15 took reasonable steps to prevent and correct workplace discrimination and/or retaliation,
16 Plaintiff unreasonably failed to use the preventive and corrective measures provided and, to
17 the extent Plaintiff suffered any harm (which Defendant denies), the reasonable use of such
18 procedures would have prevented some or all of the harm.

19

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Defendant's Appropriate Corrective Action)

22     Defendant alleges that Plaintiff is barred from any recovery because Defendant
23 had implemented one or more policies prohibiting the alleged acts and/or otherwise made
24 good faith efforts to comply with applicable law and took immediate and appropriate corrective
25 action when it became aware of the conduct alleged by Plaintiff.
26 ///
27 ///
28 ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim – Punitive Damages)**

Defendant alleges that Plaintiff's claim for punitive damages fails to state a claim under California Civil Code section 3294.  Defendant did not have advance knowledge of the unfitness of any officer, director, or managing agent.  Defendant did not employ any such person with conscious disregard of the rights and safety of others, nor did it authorize or ratify any wrongful conduct which may be the basis for an award of punitive damages.  To the extent any of the wrongful conduct Plaintiff alleges in her Complaint occurred, these acts were neither performed nor ratified by any of Defendant's managing agents, directors, or officers. *See Roby v. McKesson Corp.* (2009) 47 Cal. 4th 686.

**FIFTEENTH ~~AFFIRMATIVE DEFENSE~~**
**~~(Failure to Exhaust the Grievance Procedure~~**
**~~Under the Collective Bargaining Agreement)~~**
~~Defendant alleges that Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust the grievance procedures contained in the collective bargaining agreement governing Plaintiff's employment with Defendant.~~
**~~SIXTEENTH~~ AFFIRMATIVE DEFENSE**
**(Doctrine of Unclean Hands)**

Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Factors Other Than Sex)**

Defendant alleges that any difference in pay between Plaintiff and her male co-workers is due to a factor other than sex.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise, or supplement this Amended

19

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1 │ Answer, and to plead such further defenses and take such further actions as it may deem

2 │ proper and necessary in its defense upon the completion of said investigation and study.

3 │

4 │ <u>**PRAYER FOR RELIEF**</u>

5 │

6 │ WHEREFORE, Defendant prays as follows:

7 │

8 │ 1.    That Plaintiff take nothing by the Complaint, and that the Complaint be

9 │ dismissed with prejudice;

10 │

11 │ 2.    That judgment be entered in favor of Defendant on all claims;

12 │

13 │ 3.    For costs of suit and reasonable attorneys' fees incurred herein; and

14 │

15 │ 4.    For such other and further relief as this Court deems proper.

16 │

17 │

18 │ Dated:  <u>January 23, 2014</u>~~January 10, 2014~~     MILLER LAW GROUP
   │                                        A Professional Corporation

19 │

20 │                                        By: <u>/s/ Mani Sheik</u>
21 │                                            Tracy Thompson
22 │                                            Mani Sheik
   │                                            Attorneys for Defendant
   │                                            UNITED AIRLINES, INC.
23 │

24 │ 4846-7803-7527, v. 1

25 │

26 │

27 │

28 │

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

EXHIBIT B

1 | Tracy Thompson (SBN 88173)
     tt@millerlawgroup.com
2 | Mani Sheik (SBN 245487)
     ms@millerlawgroup.com
3 | MILLER LAW GROUP
4 | A Professional Corporation
     111 Sutter Street, Suite 700
5 | San Francisco, CA 94104
     Tel. (415) 464-4300
6 | Fax (415) 464-4336

7 | Attorneys for Defendant
8 | UNITED AIRLINES, INC.

9

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| DRUCILLA COOPER, an individual, | Case No.: 3:13-cv-2870 JSC |
|---|---|
| Plaintiff, | |
| v. | **AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.** |
| UNITED AIR LINES, INC. and DOES 1 through 10, inclusive, | |
| Defendants. | Complaint filed:  June 21, 2013 |

Defendant United Airlines, Inc. (f/k/a "United Air Lines, Inc.") hereby answers Plaintiff Drucilla Cooper's Complaint for Damages ("Complaint") as follows:

## JURISDICTION AND VENUE

1. No answer is required to paragraph 1 of the Complaint as it does not contain any factual allegations.

///

---

1

1    2.    Defendant admits that venue is proper in the Northern District of

2    California and that Defendant conducts business within the District.  Defendant denies the

3    remaining allegations in Paragraph 2 of the Complaint.

4

5    3.    Defendant denies the allegations contained in Paragraph 3 of the

6    Complaint, and further denies Plaintiff has been damaged in any amount or at all.

7

8                                    **INTRODUCTION**

9

10    4.    No answer is required to Paragraph 4 of the Complaint as it does not

11    contain any factual allegations.

12

13                                    **THE PARTIES**

14

15    5.    Defendant admits that Plaintiff is an African-American female, and that

16    she formerly held the position of Supervisor-Security Officers and currently holds the position

17    of Security Officer at San Francisco International Airport.  Defendant is without sufficient

18    knowledge or information to form a belief as to Plaintiff's residence at the time the Complaint

19    was filed and, on that basis, denies that allegation.    Defendant denies the remaining

20    allegations contained in Paragraph 5 of the Complaint.

21

22    6.    Defendant admits it is a Delaware corporation and conducts business in

23    this judicial district.  Defendant denies the remaining allegations contained in Paragraph 6 of

24    the Complaint.

25

26    7.    Defendant is without sufficient knowledge or information to form a belief

27    as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies

28    the allegations contained therein.

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**FACTS COMMON TO ALL CAUSES OF ACTION**

8.      Defendant admits that Plaintiff began her employment with Defendant in March 1997 as a Security Officer.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies those allegations.

9.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies the allegations contained therein.

10.      Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.      Defendant admits that Plaintiff was promoted to the position of Supervisor—Security Officers in January 2002.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.      Defendant admits that Plaintiff received an increase in pay when she became a Supervisor—Security Officers.   Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.      Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.      Defendant denies the allegations contained in Paragraph 14 of the Complaint.

///

3

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits it hired Alex Del Campo as a Supervisor—Security Officers in 2008, and that Mr. Del Campo's salary was higher than Plaintiff's at the time of his hire. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits that William Knight was a Supervisor-Security Officers in 2008, and that he worked with Alex Del Campo.   Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits that William Knight usually worked the swing shift in 2008.   Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

///

///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

23.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding what "complaints" Plaintiff did or did not receive or what Tonya McCowan did or did not write to Plaintiff and, on that basis, denies those allegations.  Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Defendant admits that, in 2010, Plaintiff was on the Evacuation Committee, which committee helps prepare employees for evacuation drills.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the reasons Plaintiff wanted to be on that committee and, on that basis, denies those allegations.   Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that Plaintiff usually worked the day shift when she was a Supervisor—Security Officers and that, as a Supervisor—Security Officers, Plaintiff had the authority to coordinate breaks and assign vehicles to employees during her shift.  Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

1        30.    Defendant denies the allegations contained in Paragraph 30 of the

2  Complaint.

3

4        31.    Defendant is without sufficient knowledge or information to form a belief

5  as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies

6  the allegations contained therein.

7

8        32.    Defendant is without sufficient knowledge or information to form a belief

9  as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies

10  the allegations contained therein.

11

12        33.    Defendant denies the allegations contained in Paragraph 33 of the

13  Complaint.

14

15        34.    Defendant denies the allegations contained in Paragraph 34 of the

16  Complaint.

17

18        35.    Defendant denies the allegations contained in Paragraph 35 of the

19  Complaint.

20

21        36.    Defendant is without sufficient knowledge or information to form a belief

22  as to the truth of what Plaintiff "found" or witnessed and, on that basis, denies those

23  allegations.  Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

24

25        37.    Defendant denies the allegations contained in Paragraph 37 of the

26  Complaint.

27  ///

28  ///

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1            38.    Defendant denies the allegations contained in Paragraph 38 of the

2  Complaint.

4            39.    Defendant denies the allegations contained in Paragraph 39 of the

5  Complaint.

7            40.    Defendant denies the allegations contained in Paragraph 40 of the

8  Complaint.

10          41.    Defendant denies the allegations contained in Paragraph 41 of the

11  Complaint.

13          42.    Defendant denies the allegations contained in Paragraph 42 of the

14  Complaint.

16          43.    Defendant denies the allegations contained in Paragraph 43 of the

17  Complaint.

19          44.    Defendant denies the allegations contained in Paragraph 44 of the

20  Complaint.

22          45.    Defendant denies the allegations contained in Paragraph 45 of the

23  Complaint.

25          46.    Defendant is without sufficient knowledge or information to form a belief

26  as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, denies

27  the allegations therein.

28  ///

AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.
Case No.: 3:13-cv-2870 JSC

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1        47.    Defendant admits that Plaintiff was offered some days off with pay in

2  early October 2011.  Defendant denies the remaining allegations contained in Paragraph 47

3  of the Complaint.

4

5        48.    Defendant denies the allegations contained in Paragraph 48 of the

6  Complaint.

7

8        49.    Defendant denies the allegations contained in Paragraph 49 of the

9  Complaint.

10

11        50.    Defendant denies the allegations contained in Paragraph 50 of the

12  Complaint.

13

14        51.    Defendant denies the allegations contained in Paragraph 51 of the

15  Complaint.

16

17        52.    Defendant denies the allegations contained in Paragraph 52 of the

18  Complaint.

19

20                **FIRST CLAIM**

      **VIOLATION OF 42 U.S.C. § 2000e, *et seq.* (TITLE VII)**

21              **RACE DISCRIMINATION**

22

23        53.    No answer is required to Paragraph 53 of the Complaint as it does not

24  contain any factual allegations and contains only legal arguments and conclusions, which

25  cannot be admitted to or denied.

26

27        54.    No answer is required to Paragraph 54 of the Complaint as it does not

28  contain any factual allegations and contains only legal arguments and conclusions, which

Miller Law Group
A PROFESSIONAL CORPORATION
CALIFORNIA

8

1  cannot be admitted to or denied.  To the extent that an answer is required, Defendant denies

2  the allegations contained in Paragraph 54 of the Complaint.

3

4          55.       Defendant admits that Plaintiff is an African-American female and an

5  employee of Defendant.  The remainder of Paragraph 55 of the Complaint contains only legal

6  arguments and conclusions, thus no answer is required. To the extent that an answer is

7  required, Defendant denies the remaining allegations contained in Paragraph 55 of the

8  Complaint.

9

10         56.       Defendant denies the allegations contained in Paragraph 56 of the

11  Complaint.

12

13         57.       Defendant denies the allegations contained in Paragraph 57 of the

14  Complaint.

15

16         58.       Defendant denies the allegations contained in Paragraph 58 of the

17  Complaint.

18

19         59.       Defendant denies the allegations contained in Paragraph 59 of the

20  Complaint.

21

22         60.       Defendant denies the allegations contained in Paragraph 60 of the

23  Complaint.

24

25         61.       Defendant denies the allegations contained in Paragraph 61 of the

26  Complaint.

27  ///

28  ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**SECOND CLAIM**
**VIOLATION OF 42 U.S.C. § 2000e, *et seq.* (TITLE VII)**
**RETALIATION**

62.     No answer is required to Paragraph 62 of the Complaint as it does not contain any factual allegations and contains only legal arguments and conclusions, which cannot be admitted to or denied.

63.     Defendant repleads and incorporates by reference its responses to Paragraphs 1-61 of the Complaint.

64.     No answer is required to Paragraph 64 of the Complaint as it does not contain any factual allegations and contains only legal arguments and conclusions, which cannot be admitted to or denied.  To the extent that an answer is required, Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies that Plaintiff "was" an employee of Defendant.  The remainder of Paragraph 65 of the Complaint contains only legal arguments and conclusions, thus no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

10

1     69.     Defendant denies the allegations contained in Paragraph 69 of the

2  Complaint.

3

4                          **THIRD CLAIM**
                     **DISABILITY DISCRIMINATION**
5              **AMERICANS WITH DISABILITIES ACT**
                **42 U.S.C. § 12101, *et seq.* and § 503**
6

7

8     70.     No answer is required to Paragraph 70 of the Complaint as it does not

9  contain any factual allegations and contains only legal arguments and conclusions, which

10 cannot be admitted to or denied.

11

12     71.     Defendant repleads and incorporates by reference its responses to

13 Paragraphs 1-69 of the Complaint.

14

15     72.     Defendant denies the allegations contained in Paragraph 72 of the

16 Complaint.

17

18     73.     No answer is required to Paragraph 73 of the Complaint as it does not

19 contain any factual allegations and contains only legal arguments and conclusions, which

20 cannot be admitted to or denied.  To the extent that an answer is required, Defendant denies

21 the allegations contained in Paragraph 73 of the Complaint.

22

23     74.     Defendant denies the allegations contained in Paragraph 74 of the

24 Complaint.

25

26     75.     Defendant denies the allegations contained in Paragraph 75 of the

27 Complaint.

28 ///

**AMENDED ANSWER OF DEFENDANT UNITED AIRLINES, INC.**
**Case No.: 3:13-cv-2870 JSC**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in Paragraph 80 of the Complaint.

**FOURTH CLAIM**
**29 U.S.C. § 621 *et. seq.***
**AGE DISCRIMINATION**

81.    No answer is required to Paragraph 81 of the Complaint as it does not contain any factual allegations and contains only legal arguments and conclusions, which cannot be admitted to or denied.

82.    Defendant repleads and incorporates by reference its responses to Paragraphs 1-80 of the Complaint.

83.    Defendant admits that Plaintiff is a female over the age of 45.   The remainder of Paragraph 83 of the Complaint contains only legal arguments and conclusions,

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1 | thus no answer is required. To the extent that an answer is required, Defendant denies the
2 | remaining allegations contained in Paragraph 83 of the Complaint.

3

4 | 84. Defendant denies the allegations contained in Paragraph 84 of the
5 | Complaint.

6

7 | 85. Defendant denies the allegations contained in Paragraph 85 of the
8 | Complaint.

9

10 | 86. Defendant denies the allegations contained in Paragraph 86 of the
11 | Complaint.

12

13 | 87. Defendant denies the allegations contained in Paragraph 87 of the
14 | Complaint.

15

16 | 88. Defendant denies the allegations contained in Paragraph 88 of the
17 | Complaint.

18

19 | 89. Defendant denies the allegations contained in Paragraph 89 of the
20 | Complaint.

21

22 | **FIFTH CLAIM**
23 | **VIOLATION OF THE EQUAL PAY ACT**
**29 U.S.C. § 206**

24

25 | 90. No answer is required to Paragraph 90 of the Complaint as it does not
26 | contain any factual allegations and contains only legal arguments and conclusions, which
27 | cannot be admitted to or denied.

28 | ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

13

1          91.     Defendant repleads and incorporates by reference its responses to

2    Paragraphs 1-89 of the Complaint.

3

4          92.     Defendant admits that Plaintiff is a female over the age of 45.   The

5    remainder of Paragraph 92 of the Complaint contains only legal arguments and conclusions,

6    thus no answer is required. To the extent that an answer is required, Defendant denies the

7    remaining allegations contained in Paragraph 92 of the Complaint.

8

9          93.     Defendant denies the allegations contained in Paragraph 93 of the

10   Complaint.

11

12         94.     Defendant admits that Plaintiff worked in the Supervisor—Security

13   Officers position.   Defendant denies the remaining allegations in Paragraph 94 of the

14   Complaint.

15

16         95.     Defendant denies the allegations contained in Paragraph 95 of the

17   Complaint.

18

19         96.     Defendant denies the allegations contained in Paragraph 96 of the

20   Complaint.

21

22         97.     Defendant denies the allegations contained in Paragraph 97 of the

23   Complaint.

24

25         98.     Defendant denies the allegations contained in Paragraph 98 of the

26   Complaint.

27

28              Defendant also denies the prayer for relief found on page 16 of the Complaint.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

14

1

2

## AFFIRMATIVE DEFENSES

3          For and as a separate affirmative defense to each and every claim for relief set

4   forth in the Complaint, Defendant alleges as follows:

5

6                    **FIRST AFFIRMATIVE DEFENSE**
                       **(Failure to State a Claim)**

7

8          Defendant alleges that Plaintiff's Complaint, and each purported claim for relief

9   therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

10  Fed. R. Civ. P. 12(b)(6).

11

12                  **SECOND AFFIRMATIVE DEFENSE**
                      **(Statute of Limitations)**

13

14         Defendant alleges that Plaintiff's claims are barred by the applicable statutes of

15  limitations including, but not limited to, 42 U.S.C. section 2000e-5(e), California Government

16  Code sections 12960 and 12965(b), and any other statutes that include applicable time bars.

17  As one example only, Plaintiff alleges conduct dating back to 2000 as the basis for her

18  claims. (*See* Complaint ¶¶ 9, 10)  Such conduct would clearly fall outside the applicable

19  statutes of limitations.

20

21                  **THIRD AFFIRMATIVE DEFENSE**
                      **(Laches)**

22

23         Plaintiff's Complaint should be barred by the doctrine of laches because Plaintiff

24  has unreasonably delayed bringing her action against Defendant, which has prejudiced

25  Defendant by hindering its ability to defend this case.  As one example only, Plaintiff alleges

26  conduct dating back to 2000 as the basis for her claims. (*See* Complaint ¶¶ 9, 10)  Because

27  of the substantial time that has passed, Defendant may not be able to locate documents or

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

witnesses, and witnesses' memories may have faded as to the conduct and events Plaintiff alleges occurred.

## FOURTH AFFIRMATIVE DEFENSE
### (Exhaustion of Administrative Remedies)

Defendant is informed and believes and thereon alleges that Plaintiff failed to exhaust statutory administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the United States Equal Employment Opportunity Commission ("EEOC"), to the extent claims in the Complaint rely on allegations which were not contained in timely charges filed with the DFEH or EEOC.  *See* Cal. Gov't Code §§ 12960, 12965; *see also, Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal. App. 4th 1718, 1724.  The Court lacks subject matter jurisdiction over any alleged discriminatory, retaliatory, or equal pay actions that are not contained in a timely administrative charge.

## FIFTH AFFIRMATIVE DEFENSE
### (Mixed Motives)

Defendant alleges that, if it is found that its actions were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have induced it to make the same decision.  *Nassar v. University of Texas Southwestern Medical Center* (2013) __ S. Ct. __; *Gross v. FBL Fin. Servs. Inc.* (2009) 557 U.S. 167; *Price Waterhouse v. Hopkins* (1989) 490 U.S. 228; *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Defendant is informed and believes and thereon alleges that by her acts and omissions, Plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1  |  2

### SEVENTH AFFIRMATIVE DEFENSE
### (Railway Labor Act Preemption)

Plaintiff's claims are barred and should be dismissed to the extent they are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. sections 151 *et seq.*, and to the extent this Court otherwise lacks subject matter jurisdiction.    The RLA provides a comprehensive framework for resolving labor disputes and establishes a mandatory arbitral mechanism to handle disputes growing out of "rates of pay, rules or working conditions" and disputes arising out of "grievances or out of the interpretation and application of agreements concerning rates of pay, rules, or working conditions" in the airline industry.

### EIGHTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

Plaintiff alleges that she was injured while performing her job duties.    For example, Plaintiff alleges that she sustained emotional and physical distress as a result of Defendant's conduct.   (*See* Complaint, ¶¶ 67, 77, 85, 88, 97.)    Therefore, if Plaintiff has suffered any physical and/or emotional injuries related to her work for Defendant, her exclusive remedy for such injuries is provided by California Labor Code sections 3200 *et seq.*

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendant is informed and believes and thereon alleges that Plaintiff has failed to exercise reasonable diligence to mitigate the damages alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

Defendant alleges that any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred to the extent that Defendant discovers additional

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

1 evidence indicating that Plaintiff engaged in conduct before or while working for Defendant

2 that precludes or limits her assertion of the claims for relief and/or damages.

3

4 **ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Use Corrective Measures)**

5

6 Defendant alleges that Plaintiff is barred from any recovery because Defendant

7 had in place, and implemented in good faith, policies, procedures, and other measures that

8 reasonably should have prevented the discrimination and/or retaliation Plaintiff alleges, and

9 Plaintiff unreasonably failed to invoke those measures or take other corrective actions to stop

10 the alleged discrimination and/or retaliation.

11

12 **TWELFTH AFFIRMATIVE DEFENSE**
**(Avoidable Consequences)**

13

14 Defendant alleges that Plaintiff is barred from any recovery because Defendant

15 took reasonable steps to prevent and correct workplace discrimination and/or retaliation,

16 Plaintiff unreasonably failed to use the preventive and corrective measures provided and, to

17 the extent Plaintiff suffered any harm (which Defendant denies), the reasonable use of such

18 procedures would have prevented some or all of the harm.

19

20 **THIRTEENTH AFFIRMATIVE DEFENSE**
**(Defendant's Appropriate Corrective Action)**

21

22 Defendant alleges that Plaintiff is barred from any recovery because Defendant

23 had implemented one or more policies prohibiting the alleged acts and/or otherwise made

24 good faith efforts to comply with applicable law and took immediate and appropriate corrective

25 action when it became aware of the conduct alleged by Plaintiff.

26 ///

27 ///

28 ///

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim – Punitive Damages)**

Defendant alleges that Plaintiff's claim for punitive damages fails to state a claim under California Civil Code section 3294.  Defendant did not have advance knowledge of the unfitness of any officer, director, or managing agent.  Defendant did not employ any such person with conscious disregard of the rights and safety of others, nor did it authorize or ratify any wrongful conduct which may be the basis for an award of punitive damages.  To the extent any of the wrongful conduct Plaintiff alleges in her Complaint occurred, these acts were neither performed nor ratified by any of Defendant's managing agents, directors, or officers. *See Roby v. McKesson Corp.* (2009) 47 Cal. 4th 686.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Doctrine of Unclean Hands)**

Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Factors Other Than Sex)**

Defendant alleges that any difference in pay between Plaintiff and her male co-workers is due to a factor other than sex.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise, or supplement this Amended Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by the Complaint, and that the Complaint be dismissed with prejudice;

2.    That judgment be entered in favor of Defendant on all claims;

3.    For costs of suit and reasonable attorneys' fees incurred herein; and

4.    For such other and further relief as this Court deems proper.

Dated:  January 23, 2014                    MILLER LAW GROUP
                                            A Professional Corporation


                                            By: /s/ Mani Sheik
                                                Tracy Thompson
                                                Mani Sheik
                                                Attorneys for Defendant
                                                UNITED AIRLINES, INC.

4834-0598-3767, v. 1