IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUCILLA COOPER,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED AIRLINES, INC.,<br><br>                Defendant. | Case No.: 13-cv-2870 JSC<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER TO ALLOW PLEADING OF AMENDED ANSWER (Dkt. No. 25)** |

Now pending before the Court is Defendant United Airlines, Inc.'s motion to modify the Court's pretrial scheduling order to allow United to file an amended answer to assert an affirmative defense to Plaintiff Drucilla Cooper's Equal Pay Act claim.[1] (Dkt. No. 17.) The

---

[1] In relevant part, the Equal Pay Act, 29 U.S.C. Section 206(d), provides that:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

Court finds this matter suitable for disposition without oral argument.  *See* Civ. L. Rule 7-1(b).  Having carefully considered the papers submitted by the parties and the record of the case, the Court concludes that the motion should be GRANTED.

## DISCUSSION

"To establish a prima facie case of wage discrimination [under the Equal Pay Act], a plaintiff must show that the employer pays different wages to employees of the opposite sex for substantially equal work."  *E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984).  In response to Equal Pay Act claims under Section 206(d), a defendant will commonly defend a disparity in pay as being justified by some "factor other than sex."  *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 (2d Cir. 1995) (discussing "factor other than sex" as an affirmative defense).

When United filed its initial answer to Cooper's claims for relief, it did not plead a "factor other than sex" affirmative defense to Cooper's Equal Pay Act claim.  (Dkt. No. 4.)  United's first mention of the "factor other than sex" defense was made two months after its answer as part of a joint case management statement, in which it denied "any liability under the Equal Pay Act and contend[ed] that Plaintiff's peers were paid higher salaries because of *factors other than sex*."  (Dkt. No. 15 at 4 (emphasis added).)  In that same case management statement, the parties noted that they "did not intend to amend their pleadings at this time."  (*Id.* at 5.)  Nonetheless, on January 23, 2014, over a month after the deadline for motions to amend pleadings passed, United filed this motion to amend or modify the scheduling order to amend its answer to include the affirmative defense of "factor other than sex."  (Dkt. No. 25.)

A pretrial conference order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or

---

29 U.S.C. § 206(d)(1).

2

degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted). Once good cause to modify a scheduling order is shown, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607.

There is good cause to modify the scheduling order. United promptly identified its "factor other than sex" defense in the joint case management conference statement, so this is not a situation where a defendant was unaware of a defense because of a lack of diligence. Moreover, United's answer with respect to Cooper's Equal Pay Act claim indicated that United intended to deny the merits of Cooper's wage discrimination claim. (*See* Dkt. No. 4 at ¶¶ 90-98.) Instead, United erred by not also identifying the issue as an affirmative defense in its answer. It diligently moved to correct this error by negotiating with Cooper to stipulate to an amended pleading and then promptly seeking leave from the Court when those efforts proved unsuccessful. (Dkt. No. 25-2.) *See J & J Sports Prods., Inc. v. Maravilla*, No. 12-2899, 2013 WL 4780764, at *2 (E.D. Cal. Sept. 5, 2013) (motion to amend granted two months after the scheduling deadline passed because defendant diligently attempted to amend the pleadings).

Plaintiff will not be prejudiced by allowing United to assert a defense of which Plaintiff has been aware since at least the joint case management conference statement. *See Sousa ex rel. Will of Sousa v. Unilab Corp. Class II (Non–exempt) Members Grp. Benefit Plan*, 252 F. Supp. 2d 1046, 1059 (E.D. Cal. 2002) (good cause found to modify scheduling order "[b]ecause Plaintiffs have always been on notice of Defendants' . . . defense"). Little more than a month has passed since the scheduling order's amendment deadline and over six months remain until discovery closes. Moreover, in light of United's offer to respond to a new interrogatory regarding any and every fact, document, and witness related to

the amended defense (Dkt. No. 25 at 4), Plaintiff will not be deprived of the opportunity to assert relevant interrogatories.

## CONCLUSION

Good cause having been shown, the Court grants United leave to amend under Rule 15(a)(2). Plaintiff will not be prejudiced by the amendment, it causes no undue delay, and United is not acting in bad faith. United's proposed amended answer, (Dkt. No. 25-1 at 23), is deemed filed as of the date of this Order.

This Order disposes of Docket No. 25.

**IT IS SO ORDERED.**

Dated:  February 28, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE