PLAINTIFF'S EXHIBITS TO JOINT LETTER

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DRUCILLA COOPER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUCILLA COOPER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV-13-2870 JSC<br><br>**PLAINTIFF DRUCILLA COOPER'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT UNITED AIR LINES, INC. PURSUANT TO F.R.C.P. 30(b)(6)**<br><br>**Date: September 11, 2014**<br>**Time: 10:00 a.m.**<br>**Location: 353 Sacramento St., Suite 1120, San Francisco, CA 94111** |

PLEASE TAKE Notice that pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6) on September 11, 2014, 10:00 a.m. at SMITH PATTEN 353 Sacramento Street, Suite 1120, San Francisco, California 94111, Plaintiff DRUCILLA COOPER, through her attorneys of record herein, SMITH PATTEN, will take the deposition of the Person(s) Most Knowledgeable concerning the categories of information set forth below upon oral examination before a notary public authorized to administer oaths in the State of California. The deposition will commence and will continue day-to-day thereafter until complete. The deposition will be recorded by stenography and video.

///

///

///

PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT

## DEFINTIONS

1.     The term "COMMUNICATION(S)" or "COMMUNICATE" refers to the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise, including but not limited to, any and all electronic mail, SMS test messaging, facsimile, telephonic, handwritten, video, or any form of correspondence.

2.     The terms "DOCUMENT" or "DOCUMENTS" means the original(s), and any copies and drafts not identified in the original(s) of every "writing" as defined in Evidence Code Section 250 and, without limitation, any written, typewritten, printed, photocopied, electronically recorded, or graphic matter, however produced or reproduced, including, but not limited to letters, correspondence, notes, memoranda, reports, meeting minutes, transcripts, drawings, graphs, charts, photographs, electronic mail, phone records, data compilations from which information may be obtained, computer records, public documents, policies, procedures, guidelines, telegrams, telexes, tape records, computer tapes, witness statements, working papers, calendars, diaries, journals, disks or printouts. As to ESI, please produce any document in the manner in which the ESI is ordinarily maintained.

3.     The term "YOU" and "YOUR" refers to DEFENDANT UNITED AIR LINES, INC. and its officers, directors, employees, agents and representatives.

## CATEGORIES

1.     The identity, date of hire, date of separation, seniority ranking, race, and gender of all Supervisor-Security Officers and/or Base Maintenance Security-Supervisors at the SFO Maintenance Hub from 2009-2012.

PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT

occurs if "fewer employees are needed to fill the role" as described in United/Cooper 001670 to the supervisor position.

10.     The application under the Talent Selection Process for the "structured reduction in force" as described in United/Cooper 001670 to the supervisor position

11.     The application of the process by which the hiring manager conducts "a review of the employees currently holding that role" which occurs when the job continued with "minimal change" as described in United/Cooper 001670 to the Supervisor position.

12.     The application of the process by which the "hiring manager" meets with "employees currently holding the role to determine their interest in being considered for the role" which occurs if "fewer employees are needed to fill the role" as described in United/Cooper 001670 to the Supervisor position.

13.     Each and every person who had any input into or who participated in any way in the decision to select applicants to participate in the interview for the Supervisor of Security Officers position at the SFO Maintenance Hub, including but not limited to those who made the actual decision and those who, directly or indirectly, supplied information to the decision maker(s).

14.     Any and all DOCUMENTS reviewed, considered, used, read, or relied upon in the decision to select applicants to participate in the interview for the Supervisor of Security Officers position at the SFO Maintenance Hub.

15.     Any and all DOCUMENTS reviewed, considered, used, read, or relied upon in the decision not to retain Plaintiff in the Supervisor of Security Officers position.

16.     All reasons why non-incumbent were selected to interview for the Supervisor of Security Officers position at the SFO Maintenance Hub.

4

PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT

17.     Each and every person who had any input into or who participated in any way in the decision not to retain Plaintiff as a Supervisor of Security Officers, including but not limited to those who made the actual decision and those who, directly or indirectly, supplied information to the decision maker(s).

18.     The policies and/or procedures for ranking employee interviews during the "Talent Selection Process."

19.     The identity, date of hire, date of separation, seniority ranking, race, and gender, of each employee who did not retain their position after the Talent Selection Process at the San Francisco Maintenance Hub.

20.     Any criticism or praise of Plaintiff's work performance from 2009 to the present.

21.     The qualifications, requirements, and expectations for United's managerial employees, including, but not limited to, United's Series 15.

22.     YOUR Policies and /or Procedures for performance evaluations for Supervisor of Security Officers, including when evaluations occurred, what object metrics were used, and the substance of the evaluations from 2005 to the present.

23.     All performance evaluations for employees in the Supervisor-Security Officers / Base Maintenance Security-Supervisor position from 2005 to the present.

24.     The minimum qualifications and job duties for the Supervisor of Security Officers position at the SFO Maintenance Hub.

25.     The minimum qualifications and job duties for the Supervisor of Base Maintenance Security at the SFO Maintenance Hub.

26.     The qualifications, performance evaluations, criticisms, praise, disciplinary records, and interview scores  of Employee 1

PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT

27.     The qualifications, performance evaluations, criticisms, praise, disciplinary records, and interview scores of Employee 2.

28.     The qualifications, performance evaluations, criticisms, praise, disciplinary records, and interview scores of Employee 3.

29.     Each and every complaint, formal or informal, of race discrimination made by any of YOUR employees at the SFO Maintenance Hub from 2004 to the present.

30.     Any communications or documents relating to Plaintiff's 2011 complaint regarding disparities in pay, including the identities of any individuals who participated in any way into the investigation into her complaint.

31.     The basis for the disparity in pay between Plaintiff and her male co-workers performing the same supervisory duties.

32.     All reasons why Employee No. 3 was set at $80,004.00 per year.


Dated: August 28, 2014


                                        SMITH PATTEN


                                By: _____
                                        DOW W. PATTEN
                                        Attorney for Plaintiff
                                        DRUCILLA COOPER

PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT

1

## PROOF OF SERVICE

2    I declare:

3    My business address is 353 Sacramento St., Suite 1120, San Francisco, California,

4    94111. I am over the age of 18 and am not a party to this action. I am familiar with the business

5    practices at my place of business for collection and processing of mail. Mail collected and

6    processed is deposited with the U.S. Postal Service that same day in the ordinary course of

7    business. On August 28, 2014, I caused to be served:

8

9    **PLAINTIFF DRUCILLA COOPER'S NOTICE OF DEPOSITION OF PERSON MOST
10   KNOWLEDGEABLE OF DEFENDANT UNITED AIR LINES, INC. PURSUANT TO
     F.R.C.P. 30(b)(6)**

11   on the party(ies) listed below, addressed as follows:

12
     Tracy Thompson
13   Mani Sheik
     Miller Law Group
14   111 Sutter St., Suite 700
     San Francisco, CA 94104
15

16

17   _____     By facsimile machine (FAX) by personally transmitting a true copy thereof via an

18              Electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

19   _____     By first class mail by depositing a sealed envelope in the United States mail at

20              San Francisco, California, with postage fully prepaid.

21   ___X___     By hand delivery

22

23   I declare under penalty of perjury under the laws of the United States of America that the

24   foregoing is true and correct.

25

26   Executed on August 28, 2014 at San Francisco, California.

27

28                                          _____

PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF DEFENDANT



353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO. (415) 464-4336*

August 20, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

> Re:    *Cooper v. United Air Lines* (Case No. 3:13-cv-2870 JSC)
>        Discovery Sought Pursuant to Court's Instructions at Case Management Conference

Dear Ms. Thompson and Mr. Cole:

    This letter is to follow-up on our previous correspondence of December 13, 2013, February 5, 2014, February 19, 2014, April 3, 2014, our in-person meeting, and the instructions by the Court at the recent case management conference. We are identifying these areas of inquiry which we have been unable to obtain, despite repeated efforts to do so.

    Following the Court's direction at the last Case Management Conference, we ask that you provide documentation or sworn interrogatory responses to the following interrogatories, which you chose not to answer.

    In your last correspondence to us concerning your interrogatory responses, of February 19, 2014, you argued that you were not obligated to respond to Plaintiff's interrogatories Nos. 13-19 due to the federal limit of 25 interrogatories. Much of your letter discussed the definition of sub-parts and argued that our interrogatory requests contained numerous subparts and thus exceeded this 25 interrogatory limit.

    Plaintiff seeks the information asked for through these interrogatories either in the form of interrogatories or in the form of documents.We request that you substantively respond to our interrogatories as your responses thus far have been evasive and inadequate.

1

Below is an outline of the specific information we are seeking which is essential to proving the merits of our case. We are entitled to this information and look forward to receiving meaningful responses.

### Comparator and Statistical Information

#### Interrogatory Nos. 11, 12, 15 and 16.

These interrogatories all seek essential statistical and comparator information which is necessary to Plaintiff ascertaining whether or not there is a discriminatory pattern in Defendant's hiring practices, particularly with respect to the 2011 Talent Selection Process. Plaintiff is entitled to such information through discovery. Please provide us with any further case law you have to support your position that these interrogatories contain four subparts and we will address those cases in turn. However, if Defendant has no further case law to support its position, please provide amended responses which correctly identify each interrogatory as constituting one interrogator and well within the 25 interrogatory limitation.

Each of these interrogatories contain a primary question of identifying individuals and are logically related thereto the person's job title, race, date of birth, date of hire, and rate of pay as this is comparator and statistical information which is essential to Plaintiff's claims for race discrimination, age discrimination and violation of the Equal Pay Act.

### Information Directly Related to Plaintiff's *Prima Facie* Cases

#### Interrogatory Nos. 17, 18

These interrogatories seeks Defendant to identify each and every person who filled Plaintiff's position and/or job responsibilities subsequent to the reorganization that occurred in or around September of 2011 as well as Plaintiff's rate of pay at the time she was eliminated from her position as Security Supervisor. The primary question therefore is who performed Plaintiff's job duties after she was demoted as a result of the 2011 Talent Selection Process. Accordingly, the information sought by this Interrogatory, being the job title, race, date of birth, date of hire, and rate of pay, of all of these individuals are all logically or factually subsumed within and necessarily related to the primary question as it goes directly to Plaintiff's *prima facie* claims for race and age discrimination as well as her claim for violation of the Equal Pay Act.

Again, this information is essential to Plaintiff's prima facie cases of race and age discrimination as well as her claim for violation of the equal pay act.

### Information Related to Alleged Legitimate Business Reason(s)

#### Interrogatory Nos. 14, 19

Interrogatory Nos. 14 and 19 both seek information pertaining to the legitimate business reason(s) for Plaintiff's position being selected for the Talent Selection Process and the reasons for Plaintiff being demoted as a result of the Talent Selection Process.

Plaintiff is merely attempting to reach the merits of this matter and ascertain the reasons that

Plaintiff was effectively demoted as a result of the Talent Selection Process.

Plaintiff would rather not have to obtain this information via a 30(b)(6) deposition; however, if Defendant is unwilling to provide the very basic answers to these fundamental questions, we will have to bring the matter for Court resolution.

In the event you are unable to confirm by the close of business August 22, 2014 that you will provide this information information informally by the process suggested by the Court, then we ask, pursuant to L.R. 30-1 that you provide dates for a 30(b)(6) deposition on the forgoing topics. We suggest September 4 or 10 for that deposition. Please let us know how you wish to proceed.

Very truly yours,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

TIME    : 08/20/2014 16:25
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.#   : U62702J1N925790

DATE,TIME               08/20  16:25
FAX NO./NAME            4644336
DURATION                00:00:30
PAGE(S)                 03
RESULT                  OK
MODE                    STANDARD
                        ECM

# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 20, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

> Re: *Cooper v. United Air Lines, Inc.*
> *Discovery Issues*

Dear Ms. Thompson and Mr. Cole:

We have received the 91 pages of documents (United/Cooper-001911 -United/Cooper-002002) served by U.S. Mail on August 15, 2014 in this matter. We had no idea that Defendant intended to supplement its until receipt of these documents, as we had heard nothing from you for more than four months since March 27, 2014 as to whether Defendant would supplement its production of documents.

We are very troubled by this untimely production. This appears to be a pattern: late production of clearly responsive documents after depositions have been taken to preclude the questioning of witnesses. Miller Law Group engaged in this precise conduct previously in another United Airlines case, and is continuing a very troubling pattern.

As you know, we have already taken the deposition of Human Resources individual, Ahnvu Ly. We would like to speak with Mr. Ly and question him concerning these documents, and ask that you produce him and Adam Calmis for deposition to answer questions about these untimely-produced documents at Defendant's cost. Please advise by the close of business this Friday, August 22, 2014 whether or not Defendant will do so.

We did not receive a privilege log for the multitude of redactions in this production. We demand that Defendant produce a privilege log of all redactions made in this production and in all prior productions. We have addressed this issue previously, and you have not responded. Unless we receive confirmation by the close of business August 22, 2014, that Defendant will produce a privilege log of all redactions made in Defendant's production in this matter, to be

1

received in our office no later than September 2, 2014, we will bring this matter to the Court's attention. We of course are available to speak by telephone concerning this or any other discovery issue that is outstanding. We look forward to your prompt response.

You have not responded to our request that you state the date on which your representation of Russ Faultner began. Please provide the courtesy of a response.

Very truly yours,

Dow W. Patten

2

TRANSMISSION VERIFICATION REPORT

```
TIME   : 08/20/2014 16:24
NAME   : SMITH PATTEN
FAX    : 4155200104
TEL    : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME                08/20  16:24
FAX NO./NAME             4644336
DURATION                 00:00:20
PAGE(S)                  02
RESULT                   OK
MODE                     STANDARD
                         ECM
```

# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No.: 415-464-4336*

August 20, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

> Re: *Cooper v. United Air Lines, Inc.*
> *Deposition Dates*

Dear Ms. Thompson and Mr. Cole:

Please be advised of the obvious typo in my fax of August 14, 2014 concerning the dates of deposition of Plaintiff. The reference to September 11, 2014 was in error, as is set forth in the last paragraph, identifying the 9th as the availability date for Plaintiff's deposition.

As we already noted, Plaintiff is still available on September 2, 2014, and you have not indicated that Mr. Cole is not available on that date. We would prefer to have the deposition occur on September 2, 2014. If not, we have offered, and will offer again to have the deposition occur on September 9, 2014.

We received your notice of deposition of Plaintiff for September 11, 2014. Please consider the foregoing dates as an alternative. If none of these dates work, we can try to make the 11th work.

Very truly yours,

Dow W. Patten

1

TRANSMISSION VERIFICATION REPORT

TIME    : 08/20/2014 16:16
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.# : U62702J1N925790

DATE,TIME           08/20  16:16
FAX NO./NAME        4644336
DURATION            00:00:15
PAGE(S)             01
RESULT              OK
MODE                STANDARD
                    ECM

# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 20, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

      Re:    *Cooper v. United Air Lines, Inc.*
               *Discovery Issues*

Dear Ms. Thompson and Mr. Cole:

      Upon review of the late-produced "manager's toolbox" printouts for the other security supervisors which demonstrate the gross pay disparity between male and female security supervisors at the SFO maintenance hub, we note that you continue a pattern that we have addressed previously at the deposition of Plaintiff and in other United Litigation.

      For example Bates No. UC 2002 is incomplete. The "remarks" data is not produced. This is particularly important because Mr. Faultner's employment history is very problematic, since the justifications offered for paying Mr. Faultner tens of thousands more than Plaintiff for the same work was that United had to meet market rates to be able to attract outside candidates. Mr. Faultner was hardly an outside candidate:

REDACTED

REMARKS ??

REMARKS ??

The "remarks" data point that you have chosen to not produce is likely to contain information about the circumstances of a layoff and rehire within two months at exactly the same salary that did not change until May 1, 2014. This is of course in close proximity to Plaintiff's demotion.

      This issue has come up before and your failure to address it in our meet and confer sessions is now becoming more apparent. By refusing to disclose the ESI data underlying the

1

"Manager's Toolbox" printout, you have not produced the information requested.  You have been on notice of this failure to produce all responsive ESI, and you continue to do so.

Please advise when we can meet and confer pursuant to Judge Corley's standing order and L.R. 1-5(n) to resolve the non-production of ESI in this matter.  We will do our best to fit with your schedule in this regard.

We look forward to resolving this issue along with the other issues in short order. Please advise as to your availability.

Very truly yours,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

```
TIME   : 08/20/2014 18:12
NAME   : SMITH PATTEN
FAX    : 4155200104
TEL    : 4154020084
SER.#  : U62702J1N925790
```

```
DATE,TIME              08/20  18:12
FAX NO./NAME           4644336
DURATION               00:00:26
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘

                            TIME   : 08/20/2014 18:13
                            NAME   : SMITH PATTEN
                            FAX    : 4155200104
                            TEL    : 4154020084
                            SER.# : U62702J1N925790
```

| DATE,TIME | 08/20 18:13 |
|-----------|-------------|
| FAX NO./NAME | 46443336 |
| DURATION | 00:00:00 |
| PAGE(S) | 00 |
| RESULT | BUSY |
| MODE | STANDARD |

BUSY: BUSY/NO RESPONSE

# SMITH
## PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 20, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

      Re:    *Cooper v. United Air Lines, Inc.*
              *Discovery Issues*

Dear Ms. Thompson and Mr. Cole:

        We received another threatening email blast from Ms. Thompson today. I am really at a loss to understand why Ms. Thompson cannot meet and confer in a reasonable fashion concerning the scheduling of depositions. The tone of her emails is demeaning, threatening, and does nothing to advance United's interests. We will not respond to these threats.

        Please read the last sentence of my fax of today. If you will not accommodate our requests for scheduling, we will try to accommodate your dates. "If none of these dates work, we can try to make the 11ᵗʰ work." We have forwarded your notice of deposition for the 11ᵗʰ to our client; however, I believe she has not returned from vacation yet, so I do not have confirmation from the client.

        Sending repeated threatening email blasts is not helpful to the expeditious resolution of discovery in this matter. Threatening to file unilateral letters seeking relief from the court without ever even picking up the phone to attempt to resolve the matter violates every principle of practice in the Northern District of California. That is why I just left Ms. Thompson a message this afternoon citing to you L.R. 1-5(n):

      Meet and confer. "Meet and confer" or "confer" means to communicate directly
      and discuss in good faith the issue(s) required under the particular Rule or order.
      Unless these Local Rules otherwise provide or a Judge otherwise orders, such
      communication may take place by telephone. The mere sending of a written,
      electronic, or voice-mail communication, however, does not satisfy a requirement

1

to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

*Id.* Furthermore, Ms. Thompson's threats (in which Mr. Cole has now joined) violate the express provisions of Judge Corley's standing order:

> The counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

> If the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, they shall prepare a joint statement of not more than eight pages (12-point or greater font) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts. Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue.

*Civil Standing Order for Magistrate Judge Jacqueline Scott Corley*, rev. 10/1/13. pp. 3, 4. Furthermore, the email blast record of Ms. Thompson, and now Mr. Cole exemplifies the type of scheduling conduct that the Northern District seeks to avoid:

> A lawyer should not arbitrarily or unreasonably withhold consent to a request for scheduling accommodations.

> A lawyer should not engage in delay tactics in scheduling meetings, hearings, or discovery.

*Guidelines for Professional Conduct*, N.D.Cal. Section 3.   We urge you both to review those guidelines, as an adherence to those guidelines will avoid the erratic email blasts that do nothing to advance the completion of discovery in this matter.

We have repeatedly offered United various times and dates to complete the remaining hours of Plaintiff's deposition.  We will continue to do so to ensure that her deposition is completed before the discovery cutoff, Ms. Thompson's threats notwithstanding.

Very truly yours,

Dow W. Patten

2

TRANSMISSION VERIFICATION REPORT

```
TIME    : 08/20/2014 18:09
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.#   : U62702J1N925790
```

```
DATE,TIME         08/20  18:08
FAX NO./NAME      4644336
DURATION          00:00:33
PAGE(S)           02
RESULT            OK
MODE              STANDARD
                  ECM
```

# SMITH
# **PATTEN**

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 21, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

>        Re:    *Cooper v. United Air Lines, Inc.*
>               *Discovery Issues*

Dear Ms. Thompson and Mr. Cole:

We received another threatening email blast from Ms. Thompson this morning. I am still at a loss to understand why Ms. Thompson cannot meet and confer in a reasonable fashion concerning the scheduling of depositions. As repeatedly stated in our correspondence, Plaintiff will appear to complete her deposition.

You have served a notice for Plaintiff's deposition for September 11, 2014. We ask that the deposition commence at 2:00 p.m., which is more than sufficient time for you to complete her deposition. Please confirm that you will accommodate this request.

Very truly yours,

Dow W. Patten

1

TRANSMISSION VERIFICATION REPORT

```
TIME    : 08/21/2014 10:19
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME           08/21  10:19
FAX NO./NAME        4644336
DURATION            00:00:14
PAGE(S)             01
RESULT              OK
MODE                STANDARD
                    ECM
```

# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 21, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street,  Suite 700
San Francisco, CA 94104

   Re: *Cooper v. United Air Lines, Inc.*
     *Discovery Issues*

Dear Ms. Thompson and Mr. Cole:

   This will confirm my conversation with Mr. Cole this afternoon at approximately 5:30 p.m.  I asked for an accommodation for Plaintiff's deposition to start at 2:00 p.m. so that Plaintiff could start the short completion of her deposition after she gets off work at 1:00 p.m. Mr. Cole refused the request for an accommodation.

   Plaintiff will therefore appear as noticed, despite the fact that both Ms. Thompson and Mr. Cole issued the deposition notice in direct violation of L.R. 30-1 and the Northern District's Guidelines for Professional Conduct.  We of course, will appear to complete Plaintiff's seven hours of deposition along with reasonable clarifying follow up questioning.

   I asked Mr. Cole to respond to the other matters referenced in my correspondence this week that need immediate attention.  He stated that he was not prepared to discuss any topic, including the lack of privilege logs, the missing "remarks" data from the "toolbox manager" printouts, the delays in production, our requests to stipulate to interrogatory responses to avoid the cost and inconvenience of a 30(b)(6) deposition, or in the alternative, a response to our requests for dates for that deposition, and the date upon which Miller Law Group began its representation of Russ Faulter.

   To each of these requests, Mr. Cole responded that you were "reviewing" my correspondence but could not respond to any single subject matter raised in our correspondence. I noted that both Mr. Cole and Ms. Thompson had at least read through the correspondence sufficiently to identify a date (September 10) which we had offered for a 30(b)(6) deposition in

1

case we cannot agree to interrogatory responses, and inappropriately used that date to try to schedule a different deposition.  Mr. Cole would not respond and did not deny that both he and Ms. Thompson had engaged in this tactic.

I then asked Mr. Cole to give me a time when he could speak to these issues.  He refused to do so.  I offered 10:00 a.m. tomorrow, August 22, 2014 to speak.  Mr. Cole refused.

I don't understand how we are to resolve the issues the Court directed us to resolve if you will not meet and confer with us or even give us a time when we can meet and confer.

Your failure to respond to these issues is needlessly increasing the burdens and expense of litigation, and is prejudicing Plaintiff's ability to discover evidence directly related to proof of her claims; i.e., unspecified redactions contained in documents concerning Plaintiff's complaints of unfair treatment in the workplace, unspecified redactions in correspondence concerning Plaintiff's complaints of pay disparity; entire data fields missing from the "toolbox manager" printouts that detail the salary increases and changes to employment status of Plaintiff and her comparators; the identities of the decision-makers who decided that Plaintiff should be demoted from her supervisor position, and the criteria used to do so.   We have made reasonable discovery requests, and have made informal efforts to obtain this information without involving the Court, but we cannot resolve these matters when you ignore our correspondence, never call to discuss the matters as required by L.R. 1-5(n) and instead snipe at us with email blasts from your iPhones.

We ask that you immediately respond in writing to our requests as set forth in our prior correspondence.

Very truly yours,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

```
TIME    : 08/21/2014 19:08
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.# : U62702J1N925790
```

| | |
|---|---|
| DATE,TIME | 08/21  19:07 |
| FAX NO./NAME | 4644336 |
| DURATION | 00:00:23 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |



353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE: (415) 464-4336*

August 22, 2014

Michael Cole
Tracy Thompson
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

      Re:    *Cooper v. United Air Lines, Inc.*
            Summary of this week's correspondence

Dear Mr. Cole and Ms. Thompson:

      This letter is to summarize the correspondence of this week.

      On August 15, 2014, my office received 91 additional pages, United/Cooper 1911-2002, which Defendant finally produced more than four months after our letter of March 27, 2014. We are very troubled by this untimely production as the length of time that it took Defendant to produce these documents has prejudiced Plaintiff and we see no reason why these documents were not produced earlier. The withholding of these documents has needlessly increased the cost of litigation. Specifically, we have already taken the deposition of Human Resources individual, Ahnvu Ly. We would like to speak with Mr. Ly and question him concerning these documents, and ask that you produce him and Adam Calmis for deposition to answer questions about these untimely-produced documents at Defendant's cost. We await your immediate response to this request. Defendant's refusal of this request would unduly prejudice Plaintiff who has done nothing on her part to necessitate this additional cost.

      On August 15, 2014 I also sent a letter asking to meet and confer concerning omissions made in Defendant's late-produced documents. Specifically, UC 2002 is an incomplete document. The "remarks" data is not produced. This material is particularly important because Mr. Faultner's employment history is very problematic, since the justifications offered for paying Mr. Faultner tens of thousands more than Plaintiff for the same work was that Untied had to meet market rates to be able to attract outside candidates. Mr. Faultner though now appears to have been an inside candidate, temporarily placed on furlough. This missing ESI is directly related to Ms. Cooper's claims of unfair

1

pay and gender discrimination and we therefore request and expedited response given that we have already been prejudiced by waiting until this week for the incomplete documents.

We have also had no response to our request that you provide us the date when your representation of Russ Faultner began.

We also sent a fax on August 20, 2014 concerning discovery sought pursuant to the Court's Instructions from the Case Management Conference. My letter was to follow-up and to re-start the meet and confer process concerning Defendant's evasive and incomplete interrogatory responses. As your answers stand currently, you objected to the interrogatories as containing subparts. To clarify, Plaintiff is seeking specific information reasonably calculated to lead to admissible evidence. Interrogatory Nos. 11, 12, 15, and 16 all seek comparator and statistical information necessary to proving that Plaintiff was better qualified than her similarly-situated counterparts, but treated less favorably.

Interrogatory Nos. 17, and 18 seek information directly related to Plaintiff's equal pay act and discrimination claims. Interrogatory No. 17 seeks Plaintiff's rate of pay and Interrogatory No. 18 seeks the job responsibilities of Plaintiff's similarly-situated counterparts prior to her demotion but subsequent to the reorganization that occurred in or around September 2011.

Further, Interrogatory Nos. 14 and 19 seek information related to alleged legitimate business reason(s) including the process used to determine which position at SFO would be reorganized in September of 2011 and each and every reason why Plaintiff was not reinstated to her Security Supervisor position following the reorganization. Both of these interrogatories seek discovery reasonably calculated to lead to admissible evidence that Plaintiff believes will further demonstrate her claims of race discrimination in violation of Title VII, specifically her *prima facie* element that she experienced an adverse employment action.

As an alternative, we will need to notice a 30(b)(6) deposition shortly if we do not hear from you as to whether your will produce the discovery outlined in our letters set forth above. You have not responded to our request for dates of availability for that deposition if you will not provide the discovery requested.

Plaintiff will be severely prejudiced if Defendant will not provide this very basic information set forth above. Plaintiff's ability to prepare for trial and to oppose any summary adjudication motion hang upon United's compliance with its discovery obligations under the Federal Rules of Civil Procedure.

Additionally, in response to your email of August 12, 2014, you incorrectly characterized my adherence to the stipulated protective order as an unilateral decision to de-designate confidential documents, United/Cooper 1-1669. Please respond in the affirmative that you will be de-designating the confidential documents as you did not accept our invitation to meet and confer on the de-designation request within the time frame set forth in paragraphs 6.2 and 6.3 of the Stipulated Protective Order, and made no motion to retain the confidentiality designation. If you have any evidence that you have timely complied with paragraphs 6.2 and 6.3 as to documents bates numbered United/Cooper 1-1669, please provide it, as we are aware of none. In the absence of any such showing, by operation of the terms of the stipulated protective order, the documents are no longer to be treated as confidential.

2

The depositions of Mr. Faultner and Ms. Marvin-Nielson will proceed as duly noticed for September 3, 2014 and September 9, 2014 respectively, despite Ms. Thompson's untimely withdrawal of September 2 as the date for Mr. Faultner's deposition.

Each of the above-mentioned letters requested a prompt response, yet you have responded to none of these letters. Please provide a response to this letter or each of the above mentioned letters and topics in turn by no later than Monday, August 25, 2014.

Thank you.

Very Truly Yours,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

TIME    : 08/22/2014 17:22
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.# : U62702J1N925790

DATE,TIME          08/22  17:21
FAX NO./NAME       4644336
DURATION           00:00:33
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM

# SMITH
# **PATTEN**

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 25, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

> Re: *Cooper v. United Air Lines, Inc.*
> *Failure to Provide Privilege Log for Redactions*

Dear Ms. Thompson and Mr. Cole:

This responds to paragraph four of Ms. Thompson's email of 10:02 a.m. today, August 25, 2014, claiming to know of no authority that requires you to identify redactions in a privilege log.

First, let's start with the premise that unilateral withholding of information on the grounds that it is not relevant or is non- responsive is improper. *In re Oracle Corporation Sec. Litig.*, Case No. C-01-09888-MJJ (JCS), at 12-16, (N.D. Cal. Dec. 19, 2006). By editing these documents and not identifying anything about the what is being redacted, we have no way of verifying that the information you are choosing to hide behind a veil of secrecy qualifies for any "privacy" withholding or any privilege. Indeed, the fact that you have identified some of the redacted names by numerical identifiers leads us to believe that the information being redacted is not redacted to deal with "privacy" but is instead hiding relevant and damaging information. You claim that the redactions are made on the grounds of "privacy". We have no way of knowing what forms the basis of this claim.

Rule 26 provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not

1

produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld. *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal. 1992); *see also McCaugherty v. Sifferman*, 132 F.R.D. 234, 248 (N.D. Cal. 1990); *Fox v. Sierra Finanacial Services* 120 F.R.D. 520 (N.D. Cal. 1998).

Judge Corley's standing order addresses this issue plainly:

Privilege Logs

If a party withholds material as privileged, see Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date. Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; and (f) the specific privilege and a brief summary of any supporting facts. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

*Id.* at. p. 5. The judge's standing order clearly applies to your redactions. We have given you ample opportunity to identify the information in a privilege log and you continue pretend not to know what we are talking about.

The Ninth Circuit's ruling in *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142 (9th Cir. 2005), cert. denied, 126 S. Ct. 428 (2005), formulated a standard using the 30-day limit of Rule 34 as a guideline in conjunction with other factors particular to the litigation. *Id.* at 1148-49. In discussing this standard, the Ninth Circuit noted that filing a privilege log five months later was "alone" sufficient to support a Court's finding of waiver. *Id.* at 1149. By this standard, United has waived any claim of privilege or privacy. Please produce the unredacted documents as soon as possible; otherwise, we will have to bring this matter to the Court for a ruling.

Very truly yours,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

TIME    : 08/25/2014 18:30
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.# : U62702J1N925790

DATE,TIME          08/25  18:30
FAX NO./NAME       4644336
DURATION           00:00:25
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM

# SMITH
# **PATTEN**

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*Via Facsimile No. 415-464-4336*

August 26, 2014

Tracy Thompson
Michael Cole
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

> Re: *Cooper v. United Air Lines, Inc.*
> *Failure to Provide Privilege Log for Redactions*

Dear Ms. Thompson and Mr. Cole:

This responds to Mr. Cole's email of 12:21 p.m. today. As soon as I got the email, I called to meet and confer with you concerning the failure to include redactions in your privilege log.

Mr. Cole was not available, so I left a voicemail message asking him to return my call. We hope to resolve this matter without judicial intervention; however, you have withheld substantial amounts of information in this matter and have not provided a basis for the refusal to provide the information.

Mr. Cole's response does not cite to any contrary authority. I believe if you look at the cases we cited and the trend in the Northern District, you will see that partial redactions should be included in privilege logs so that the parties can determine whether there really is a basis for the withholding of the information. Indeed, Judge Corley's use of the term "protection" in her standing order indicates that it is not simply as to privilege that the Court has ordered that the parties submit a privilege log.

We understand that the defense bar has taken a position that "there is no authority" concerning redactions in privilege logs. We understand that Miller Law Group is toeing that line; however, the fact remains that you have withheld substantial amounts of information and are not being transparent about the need for the redactions.

We look forward to either resolving this matter or preparing our joint letter.

1

Regards,

Dow W. Patten

TRANSMISSION VERIFICATION REPORT

```
                                    TIME    : 08/26/2014 13:07
                                    NAME    : SMITH PATTEN
                                    FAX     : 4155200104
                                    TEL     : 4154020084
                                    SER.# : U62702J1N925790
```

```
DATE,TIME            08/26  13:07
FAX NO./NAME         4644336
DURATION             00:00:19
PAGE(S)              02
RESULT               OK
MODE                 STANDARD
                     ECM
```