UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUCILLA COOPER,<br><br>　Plaintiff,<br><br>　v.<br><br>UNITED AIRLINES, INC.,<br><br>　Defendant. | Case No. 13-cv-02870-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF RE: RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. No. 56 |

Plaintiff Drucilla Cooper filed this employment discrimination action against her employer United Airlines, Inc. alleging race, gender, and disability discrimination, as well as retaliation claims. Fact discovery closed on September 11, 2014. On the deadline to file motions to compel, *see* Civil Local Rule 37-3, Plaintiff sought an extension of time to move to compel with respect to a Federal Rule of Civil Procedure 30(b)(6) deposition because the transcript for the deposition was unavailable by the deadline. The Court granted a brief extension and the now pending Joint Discovery Letter Brief followed. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's request to compel additional Rule 30(b)(6) deposition testimony.

**DISCUSSION**

Pursuant to Civil Local Rule 37-3, "no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off." On the deadline to file such a motion, Plaintiff sought an extension of time "to file a Motion to Compel regarding Defendant's failure to produce a 30(b)(6) designee sufficiently educated to respond to questions concerning the Company's

1  Talent Selection process for the following reasons: The transcript for the 30(b)(6) deposition is not
2  yet available." (Dkt. No. 50 at 2.) The Court granted Plaintiff a brief two-week extension of time
3  to move to compel on this one matter (Dkt. No. 52), and the parties subsequently filed the now
4  pending Joint Discovery Letter Brief. (Dkt. No. 56.)

5  Plaintiff is seeking two categories of information related to previously propounded
6  Interrogatories: (1) the process by which positions at United could be reorganized, and (2) the
7  reasons why Plaintiff was not reinstated in her position as supervisor. Specifically, Plaintiff is
8  seeking to compel testimony regarding Topics 4, 8, 9, 10, 11, 12, 19, 20, 22, and 23 from
9  Plaintiff's Rule 30(b)(6) deposition notice served on August 28, 2014. (Dkt. Nos. 56 at n.5 & n.6;
10 56-1 at 2-6.) Plaintiff's Motion fails.

11 First, in advance of the deposition Defendant objected to each of those topics and stated
12 that it did not intend to produce a witness on those topics, much less prepare Darlene Marvin-
13 Nilson, the Rule 30(b)(6) designee, to testify regarding the topics during her September 9, 2014
14 deposition. (Dkt. 56-2 at 9-11.) Thus, Plaintiff's motion to compel Defendant to produce a
15 witness educated about these topics is wholly unrelated to the availability of the transcript from
16 the 30(b)(6) deposition.

17 Second, Plaintiff has not cited any portion of Ms. Marvin-Nilson's deposition testimony
18 wherein she refused to answer questions regarding any of these topics. The only portion of Ms.
19 Marvin-Nilson's deposition testimony Plaintiff cites relates to United's Reduction in Force
20 packages. (Dkt. No. 56 at n.3.) Although Plaintiff states that "at the 30(b)(6) deposition, United
21 refused to answer questions regarding categories 7, 8, 9, 10, 20, 21, 22, 23, 30, 31, and 32,"
22 Plaintiff has not provided a citation or excerpt from her deposition to this effect; indeed, Plaintiff
23 has not included *any* excerpts from Ms. Marvin-Nilson's deposition as an exhibit to the letter
24 brief. Defendant, however, did attach the portion of Ms. Marvin-Nilson's testimony which was
25 offered in her capacity as a Rule 30(b)(6) designee and nowhere in that excerpt did Plaintiff's
26 counsel question Ms. Marvin-Nilson about topics 4, 7, 8, 9, 10, 11, 12, 19, 20, 21, 22, 23, 30, 31,
27 and 32. (Dkt. No. 52-2 at 12-18.)

28 The Court gave Plaintiff leave to file a motion to compel further Rule 30(b)(6) testimony

after the deadline based on her representation that the previously offered Rule 30(b)(6) deponent was insufficiently knowledgeable regarding noticed topics and Plaintiff needed the transcript from her deposition prior to filing a motion to compel. Plaintiff has instead moved to compel regarding topics Defendants never designated the Rule 30(b)(6) witness to cover and topics that Plaintiff did not even attempt to elicit testimony about from Ms. Marvin-Nilson. As Plaintiff's motion is unrelated to the reason Plaintiff gave for needing the extension, and is therefore beyond the scope of the Court's order allowing a late motion, the motion is untimely and therefore DENIED.

This Order disposes of Docket No. 56.

**IT IS SO ORDERED**.

Dated: October 15, 2014

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge