UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUCILLA COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>    Defendant. | Case No. 13-cv-02870-JSC<br><br>**ORDER RE: MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS**<br><br>Re: Dkt. No. 94 |

Now pending before the Court is Defendant United Air Lines, Inc.'s Motion for Review of the Clerk's Taxation of Costs. (Dkt. No. 94.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and hereby DENIES the motion for the reasons set forth below.

**BACKGROUND**

Plaintiff Drucilla Cooper brought this employment discrimination action against United Air Lines, Inc. ("United") alleging violation of the Equal Pay Act, 29 U.S.C. § 206, et seq., retaliation, and discrimination on account of her age and disability. (Dkt. No. 70.) The Court granted summary judgment in United's favor and entered judgment. (Dkt. Nos. 83 & 84.)

Pursuant to the judgment, United submitted a bill of costs as required by 28 U.S.C. Section 1920, which authorizes the Court or its Clerk to tax as "costs" various "minor, incidental [litigation] expenses...." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012). United sought $9,764.16 in costs. (Dkt. No. 85.) Plaintiff filed objections to $5,773.47 of the costs claimed. (Dkt. No. 92.) The Clerk declined to tax $2,416.20 of the transcript costs sought as

"outside the ambit of Civil Local Rule 54–3(b) -(c)" and struck $165.61 sought in "other costs," thereby taxing a total of $7,182.35 in costs against Plaintiff. (Dkt. No. 93.)

United thereafter filed the underlying motion for review of the taxation of costs, which Plaintiff opposes. (Dkt. Nos. 94 & 95.)

## LEGAL STANDARD

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54–3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. 90–20233, 1993 WL 515879, at *1 (N.D.Cal. Dec. 2, 1993). Specifically, the Local Rules require a party's bill of costs to "state separately and specifically each item of taxable costs claimed." Civ. L.R. 54–1(a). Further, a party must provide an affidavit stating that the items listed are "correct and [have] been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924; *see also* Civ. L.R. 54–1(a) (requiring a supporting affidavit stating that "the costs are correctly stated, were necessarily incurred, and are allowable by law"). "With regard to individual itemized costs, the burden is on the party seeking costs ... to establish the amount of compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. 08–4575, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (internal quotation marks and citation omitted).

Upon motion for review of the Clerk's taxation of costs, the Clerk's actions may be reviewed by the Court de novo. Fed. R. Civ. P. 54(d)(1); *Lopez v. San Francisco Unified Sch. Dist.*, 385 F.Supp.2d 981, 1000–1001 (N.D. Cal. 2005). The taxation of costs lies within the trial court's discretion. *In re Media Vision Tech. Sees. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996). "However, a district court's discretion to award costs is limited to particular types of costs enumerated in 28 U.S.C. § 1920." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015).

## DISCUSSION

The Clerk struck two categories of costs: (1) transcript costs, and (2) costs for providing chambers copies of pleadings. United challenges both of these reductions to its cost award.

### A. Transcript Fees

United seeks taxable costs for transcripts in the amount of $6,532.31 for transcripts of two meet and confer meetings, and seven depositions. (Dkt. No. 85 at pp. 3-4.)[1] The Clerk's Bill of Costs taxed $4,116.11 and cited Civil Local Rule 54-3(d)(3) (b) (c) as the basis for deducting $2,416.20 in costs. The Court concludes that United is entitled to $4,268.81 in transcript fees, as United is not entitled to the costs of the transcripts for the meet and confer meetings or the costs of Plaintiff's videotaped depositions.

With respect to non-deposition transcript costs, Section 1920 provides that the Clerk of Court may tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in [a] case." 28 U.S.C. § 1920(2). Civil Local Rule 54-3(b) provides further clarification regarding when a party may recover the cost of obtaining transcripts. Specifically, transcript costs are allowable only when the transcripts are "necessarily obtained for an appeal" or the transcript contains "a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel." Civ. L.R. 54-3(b)(1)-(2). By contrast, the rule disallows costs for any other transcripts "unless, before [the cost] is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." Civ. L.R. 54-3(b)(3).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United seeks $1,361 in costs for obtaining transcripts of two meet and confer sessions. United concedes that while these costs do not fall within normally compensable costs, they are nonetheless proper here because "the history of other cases United and its counsel have litigated against Plaintiff's counsel" made it prudent to transcribe the parties' meet and confer. (Dkt. No. 96 at 3.)  That United elected to have the parties' meet and confer sessions transcribed because the parties have a contentious history does not bring the costs of such transcription under the ambit of the rule.  United's further suggestion that transcription of the September 29, 2014 meet and confer session was proper because the meet and confer took place pursuant to Court order fares no better.  The Court's Order directing the parties to meet and confer neither ordered nor approved of transcription of the meet and confer as is required by Local Rule 54-3(b)(3). (Dkt. No. 52.)

United also seeks $5,371.31 for deposition-related transcript costs.  Of these, all but $1,267.10 are recoverable.  Civil Local Rule 54-3(c)(1) provides that the cost of "an original and one copy of any deposition (including videotaped depositions) taken for any purpose" are allowable.  Civ. L.R. 54-3(c)(1).  The issue here is not that United seeks recovery of the costs of Plaintiff's videotaped depositions, but rather, that United seeks the costs for three versions of Plaintiff's depositions—an original and certified copy of the stenographic deposition transcript, and the videotaped deposition.   United has submitted two invoices for each of Plaintiff's two depositions, two invoices reflect the costs for an "original + one certified copy" for each of Plaintiff's two depositions, and two invoices reflect the costs for videotaped versions of the same depositions.  *Compare* Dkt. No. 85 at pp. 21, 25 *with* Dkt. No. 85 at pp. 22, 26.  The costs of the videotaped depositions thus exceed the costs authorized by Civil Local Rule 54-3(c)(1).

Accordingly, the Clerk shall tax costs of $4,268.81 with respect to transcript fees.

### B.     Costs of Providing Chambers Copies

United seeks $165.16 for service of chambers copies of pleadings, all of which were struck by the Clerk.  United contends that it is entitled to these costs because it was required to deliver copies of pleadings to the Court under the local rules and the Court's Standing Order.  Section 1920 specifies those costs which are taxable.  Overnight delivery and "courier" charges are "not one of the enumerated categories of recoverable costs in § 1920."  *United Healthcare Servs., Inc.*

*v. Meyer*, No. 12-6197, 2013 WL 5346094, at *4 (N.D. Cal. Sept. 24, 2013) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)); *see also Davis v. Eastfield Ming Quong, Inc.*, No. 08-00769, 2009 WL 225420, at *2 (N.D. Cal. Jan. 29, 2009) ("Costs allowable under section 1920 are enumerated in the statute and do not include messenger fees."). As the Court is not empowered to exceed the limitations set forth in Section 1920, and has "solely a power to decline to tax, as costs, the items enumerated in § 1920," United's request for fees for delivery of chambers copies of filings is denied.

## CONCLUSION

For the reasons set forth above, United's motion for Motion for Review of the Clerk's Taxation of Costs is GRANTED in part and DENIED in part. (Dkt. No. 94.) The Clerk shall tax costs in the amount of $7,335.05.

**IT IS SO ORDERED.**

Dated: June 5, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5